# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 137

The State of North Dakota, by and
through the North Dakota Department
of Human Services,                                                     Petitioner

   v.

The Honorable Robin A. Schmidt,
District Court Judge, Northwest Judicial
District, and Anthony Dwane Boldt, Jr.,                       Respondents

## No. 20210156

Petition for Supervisory Writ.

PETITION FOR SUPERVISORY WRIT GRANTED.

Opinion of the Court by Tufte, Justice.

Andrew Moraghan, Assistant Attorney General, Office of Attorney General,
Bismarck, N.D., for petitioner.

Christopher M. Redmann, Mandan, N.D., for respondent Anthony Boldt, Jr.

**Tufte, Justice.**

[¶1]   The State petitioned this Court to exercise its original jurisdiction and issue a writ of supervision directing the district court to vacate certain orders allowing representation during a presentence investigation (PSI) related evaluation. The State argues the defendant has no Sixth Amendment right to have counsel present. We exercise our supervisory jurisdiction and vacate those portions of the district court's orders which direct the Department of Human Services (the Department) to permit Anthony Boldt's counsel to be present and advise Boldt during psycho-sexual evaluation.

I

[¶2]   Boldt pled guilty to three counts of incest. The district court issued an order for presentence investigation and sentencing hearing notice which scheduled sentencing for July 7, 2021. The court also directed "that a Pre-sentence Report, including a psycho-sexual evaluation be prepared in this matter, prior to sentencing, by the Department of Parole and Probation." The Department of Human Services received a referral from the Department of Corrections and Rehabilitation triggering the secondary process of a risk assessment to be conducted during a presentence investigation.

[¶3]   The evaluation was scheduled for May 12, 2021. Defense counsel was informed the Department would not allow counsel to be present during the evaluation. Following a May 10, 2021 status conference, the district court issued an order regarding the case, stating, "It is hereby ordered that Attorney Chris Redmann, who represents the defendant in the above captioned case, be allowed to be present at all evaluations and interviews in regards to the pre-sentence investigation that was ordered in the above captioned case." The following day the Department informed counsel that it had canceled the interview.

[¶4]   On May 19, another status conference was held in the criminal action. During the status conference, defense counsel argued Boldt has the right under

the Sixth Amendment to the United States Constitution to have counsel present throughout any evaluation during the presentence investigation. The next day, the district court issued an order to allow representation during PSI-related evaluations. The court ordered, "The [Department] shall allow Attorney Redmann to be present in person and advise the Defendant as allowed by the United States Constitution and the Constitution of the State of North Dakota." The court also ordered the Department to schedule the evaluation to occur within fourteen days. The Department then filed a petition for a Writ of Supervision, and we stayed the evaluation.

II

[¶5]   The State petitions this Court to exercise its original jurisdiction and issue a supervisory writ, arguing that the defendant does not have a Sixth Amendment right to have counsel present during the PSI-related evaluations.

[¶6]   Under N.D. Const. art. VI, § 2, and N.D.C.C. § 27-02-04, we may review a district court decision under our supervisory authority. *State ex rel. Madden v. Rustad*, 2012 ND 242, ¶ 5, 823 N.W.2d 767 (citation omitted). "We exercise our authority to issue supervisory writs rarely and cautiously on a case-by-case basis and only to rectify errors and prevent injustice in extraordinary cases when no adequate alternative remedy exists." *Id.* "Our authority to issue a supervisory writ is discretionary." *Id.* (citing *State v. Paulson*, 2001 ND 82, ¶ 6, 625 N.W.2d 528). "We generally will not exercise our supervisory jurisdiction where the proper remedy is an appeal." *Id.*

[¶7]   We conclude this is an appropriate case in which to exercise our supervisory jurisdiction because the State lacks another adequate remedy. The State has a strictly limited ability to appeal in criminal matters. N.D.C.C. § 29-28-07. Here, the proper remedy is not an appeal. The State cannot appeal from the order to allow representation during the PSI-related evaluations. *Id.*

[¶8]   The Department is not a party to this criminal action. In *Dickinson Newspaper, Inc. v. Jorgensen*, this Court concluded that the petitioners were in a position to request this Court to exercise its original jurisdiction because there was no other remedy available and it was a matter of vital concern to the

2

public. 338 N.W.2d 72, 74 (N.D. 1983). We conclude the Department is in a position to request this Court to exercise its original jurisdiction.

## III

[¶9] Rule 32(c)(2), N.D.R.Crim.P, provides that the "defendant's counsel is entitled to notice and a reasonable opportunity to attend any interview of the defendant conducted by parole and probation staff in the course of a presentence investigation." The State argues that this rule effectively limits defense counsel's presence during the risk assessment to the initial phase conducted by parole and probation staff. Defense counsel argues that N.D.R.Crim.P. 32(c)(2) does not exclude the presence of counsel at such evaluations. The plain language of Rule 32(c)(2) only provides defense counsel the opportunity to be present at interviews conducted by parole and probation staff. The psycho-sexual evaluation in this case is to be performed by the Department and not parole and probation staff. Rule 32(c)(2) does not provide the district court with the authority to order that defense counsel be allowed to be present for this evaluation.

[¶10] The risk assessment is defined by statute.

> "Risk assessment" means an initial phase with a secondary process approved by the department of human services for the evaluation of the likelihood a person that committed an offense will commit another similar offense. The initial phase is an assessment tool that is administered by a trained probation and parole officer. A predetermined score on the initial phase initiates the secondary process that includes a clinical interview, psychological testing, and verification through collateral information or psychophysiological testing, or both. The department of human services shall perform the secondary process of the risk assessment.

N.D.C.C. § 12.1-01-04(26). The State argues that the evaluation process to be conducted by a licensed psychologist is to be approved by the Department and that the presence of defense counsel throughout the evaluation process would be inconsistent with the process approved by the Department. In this case, the Department received a referral from the Department of Corrections and

3

Rehabilitation triggering the "secondary process" of a "risk assessment" to be conducted during a presentence investigation. Section 12.1-01-04(26) gives responsibility for the secondary process of the risk assessment to the Department. The district court had no authority under section 12.1-01-04(26), N.D.C.C., to order the Department to allow defense counsel to be present during the psycho-sexual evaluation.

IV

[¶11] The State argues that Boldt has no constitutional right to the presence and advice of counsel during the secondary process of the risk assessment scheduled to be conducted by a licensed psychologist.

[¶12] "The Sixth Amendment of the United States Constitution, made applicable to the states through the Fourteenth Amendment, and Article I, § 12 of the North Dakota Constitution guarantee a criminal defendant effective assistance of counsel." *Garcia v. State*, 2004 ND 81, ¶ 5, 678 N.W.2d 568. The United States Supreme Court has firmly established that a criminal defendant is entitled to counsel "at any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to a fair trial." *United States v. Wade*, 388 U.S. 218, 226 (1967). The Sixth Amendment right to counsel attaches from the beginning of adversarial proceedings through sentencing. *State v. Morales*, 2019 ND 206, ¶ 16, 932 N.W.2d 106 (citation omitted).

[¶13] The State concedes that the Sixth Amendment right to counsel requires defense counsel be given prior notice of the nature and scope of a state-sponsored psychiatric examination. *See Powell v. Texas*, 492 U.S. 680, 681 (1989) (per curiam); *Estelle v. Smith*, 451 U.S. 454, 471 (1981) (citing *Powell v. Alabama*, 287 U.S. 45, 69 (1932)). In *Estelle*, the defendant did not assert, and the Court did not find, that he had the right to have counsel present during the psychiatric interview. 451 U.S. at 470, n.14. Other courts have instead concluded that *Estelle* stands for the "right to counsel in formulating an approach to the examination." *State v. Schackart*, 858 P.2d 639, 646 (Ariz. 1993); *see also State v. Knapp*, 330 N.W.2d 242, 244 (Wis. Ct. App. 1983) (holding *Estelle* was satisfied when an attorney was given notice and

4

opportunity to consult with the defendant prior to the interview); *Hughes v. State*, 224 P.3d 515, 524-25 (Idaho Ct. App. 2009) (holding that the Sixth Amendment right to effective counsel was satisfied by counsel advising defendant prior to the psycho-sexual evaluation being conducted). We now conclude that the defendant's Sixth Amendment right to counsel is satisfied when defense counsel is given notice and an opportunity to consult with the defendant prior to the evaluation.

V

[¶14] We conclude that the district court was not required by the Sixth Amendment and had no other authority to order the Department to allow defense counsel to be present during the psycho-sexual evaluation. We exercise our supervisory jurisdiction and vacate those portions of the district court's orders which direct the Department to permit Boldt's counsel to be present and advise Boldt during that evaluation.

[¶15] Jon J. Jensen, C.J.
     Gerald W. VandeWalle
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte