FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
SEPTEMBER 2, 2021
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 162

Richard Manning,

Plaintiff and Appellee

v.

Alvin A. Jaeger,

Defendant and Appellee

and

Continental Resources, Inc.,

Interested Party and Appellant

## No. 20200332

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Pamela A. Nesvig, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

John E. Ward, Bismarck, ND, for plaintiff and appellee; submitted on brief.

Matthew A. Sagsveen, Bismarck, ND, for defendant and appellee; submitted on brief.

Lawrence Bender, Bismarck, ND, and Andrew D. Sims, Fort Worth, TX, for interested party and appellant; submitted on brief.

**McEvers, Justice.**

[¶1]   Continental Resources, Inc. ("Continental") appeals from a district court amended order denying its motion to intervene in this proceeding. We conclude the district court did not err in denying Continental's amended motion to intervene. We decline Continental's request for this Court to exercise its supervisory authority to direct the district court to vacate its prior order for reinstatement. We affirm.

I

[¶2]   P&P Industries, LLC I ("P&P"), a foreign limited liability company, initially obtained a certificate of authority to transact business in North Dakota as a foreign limited liability company in December 2012. Richard Manning is the managing member of the LLC. On May 22, 2015, Secretary of State Alvin Jaeger revoked the certificate of authority of P&P in North Dakota as a result of P&P's failure to file its annual report.

[¶3]   On April 14, 2020, Manning, represented by counsel, filed a petition and supporting exhibits on behalf of P&P in the district court appealing for reinstatement under N.D.C.C. § 10-32.1-91, seeking to reinstate P&P's authority to transact business in this state as a foreign limited liability company. The Secretary of State admitted service of the petition, waived the right to any further notice, and consented to the immediate reinstatement of P&P. After reviewing the petition and exhibits, the court entered an order for reinstatement on April 16, 2020. No party has appealed from the April 2020 reinstatement order.

[¶4]   In May 2020, Continental moved the district court to intervene in this matter and to vacate the reinstatement order. Continental sought to intervene as a matter of right and asserted the district court's reinstatement order was void. Continental asserted Manning filed the petition to defeat its motion to dismiss P&P's counterclaims in a pending matter on remand in Williams County district court. *See Continental Res., Inc. v. P&P Indus., LLC I*, 2018

ND 11, 906 N.W.2d 105. Continental also asserted that Manning lacked statutory standing to seek reinstatement because the statute requires the entity to file the petition for reinstatement and that P&P did not meet the requirements for obtaining a foreign LLC certificate of authority because it did not exist as an entity in Delaware, the state of its formation, at the time of the petition and the reinstatement order.

[¶5] Manning filed a response in opposition to Continental's motion, which included a "statement of correction" executed by Manning, correcting the record to show P&P had been revived as an LLC in Delaware on May 4, 2020, and attaching a certificate of revival in the state of Delaware. On August 12, 2020, the district court entered an order that denied Continental's motion to intervene because it failed to file with its motion a pleading asserting a claim or defense as required under the rules. Continental subsequently filed an amended motion and brief in support of its amended motion with a proposed pleading.

[¶6] After an October 2020 hearing, the district court entered an order denying Continental's amended motion to intervene and refusing to consider its request to vacate the order for reinstatement. In its order denying intervention, the court held Continental's claimed interest in this proceeding derives from the motion to dismiss it filed in the separate pending lawsuit. The court rejected Continental's argument that it has a right to intervene in this proceeding merely because the court's prior reinstatement order affects an argument Continental is asserting in the separate action. The court concluded this was not a legally protectable interest in the appeal for reinstatement.

[¶7] The district court held reinstatement under N.D.C.C. § 10-32.1-91 involves only the company seeking reinstatement and the Secretary of State. The court found the Secretary had clearly consented to the immediate reinstatement of P&P; no other parties are involved; and Continental had no interest in P&P's reinstatement. The court therefore denied Continental's amended motion to intervene.

## II

[¶8]   Continental's amended motion relied on N.D.R.Civ.P. 24 and 60, and sought an order from the district court permitting it to intervene as a matter of right and vacating the court's April 2020 order for reinstatement. Continental has appealed from the order denying its amended motion to intervene. *See Wyatt v. R.D. Werner Co., Inc.*, 524 N.W.2d 579, 580 (N.D. 1994) (holding an order denying a motion to intervene is a final appealable order). While Continental raises a number of issues, the dispositive issue raised on appeal is whether the district court erred in denying Continental's motion to intervene under N.D.R.Civ.P. 24(a)(2).

[¶9]   Rule 24(a), N.D.R.Civ.P., allows for intervention as a matter of right and provides that, on timely motion, the court must permit anyone to intervene who:

> (1) is given an unconditional right to intervene by a statute; or
> (2) claims an interest relating to the property or transaction *that is the subject of the action*, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(Emphasis added.) We have construed N.D.R.Civ.P. 24 liberally, and intervention has historically been liberally granted in North Dakota. *Pub. Serv. Comm'n v. Grand Forks Bean Co., Inc.*, 2017 ND 201, ¶ 13, 900 N.W.2d 255; *White v. T.P. Motel, LLC*, 2015 ND 118, ¶ 22, 863 N.W.2d 915; *see also Eichhorn v. Waldo Twp. Bd. of Supervisors*, 2006 ND 214, ¶ 16, 723 N.W.2d 112 (holding water resource district had the right to intervene in landowner's petition for writ of mandamus against township). We have also said, however, that "[e]ven though liberally granted, post-judgment intervention is unusual and not often granted." *Minn-Kota Ag Prods., Inc. v. N.D. Pub. Serv. Comm'n*, 2020 ND 12, ¶ 41, 938 N.W.2d 118 (quotation marks omitted).

[¶10] Whether a party may intervene as a matter of right under N.D.R.Civ.P. 24(a) presents a question of law and is fully reviewable on appeal. *Grand Forks Bean*, 2017 ND 201, ¶ 15; *Fisher v. Fisher*, 546 N.W.2d 354, 355 (N.D. 1996).

3

In considering a motion to intervene under N.D.R.Civ.P. 24(a), we review the district court's findings of fact under the clearly erroneous standard of review in N.D.R.Civ.P. 52(a). *Grand Forks Bean*, at ¶ 15.

[¶11] In *White*, 2015 ND 118, ¶ 20, this Court said N.D.R.Civ.P. 24 "is derived from and substantially similar to Fed.R.Civ.P. 24," and "[w]hen a state rule is derived from a corresponding federal rule, the federal courts' interpretation of the federal rule may be persuasive authority when interpreting our rule." *See also Fisher*, 546 N.W.2d at 355. We further explained that "[u]nder Fed.R.Civ.P. 24(a)(2), upon a timely motion, a person is entitled to intervene as of right if: (1) *the person has a cognizable interest in the subject matter of the litigation*; (2) the interest may be impaired as a result of the litigation; and (3) the interest is not adequately represented by an existing party to the litigation." *White*, at ¶ 21 (citing *Chiglo v. City of Preston*, 104 F.3d 185, 187 (8th Cir. 1997); *Kansas Pub. Emp. Ret. Sys. v. Reimer & Koger Assoc., Inc.*, 60 F.3d 1304, 1307 (8th Cir. 1995)) (emphasis added); *see also Grand Forks Bean*, 2017 ND 201, ¶ 14. Each of these requirements must be met to intervene as a matter of right under N.D.R.Civ.P. 24(a)(2). *See White*, at ¶ 21 (citing *Chiglo*, at 187).

[¶12] In *Fisher*, 546 N.W.2d at 356, this Court discussed federal precedent and the interest required to support intervention as a matter of right:

> In *United States v. Union Elec. Co.*, 64 F.3d 1152, 1161 (8th Cir. 1995), the court explained the interest required to support intervention of right under Rule 24(a), F.R.Civ.P.:
>> "The applicant for intervention must have an interest in the subject matter of the litigation, *i.e.*, an interest that is 'direct,' as opposed to tangential or collateral. Furthermore, that interest must be 'recognized,' *i.e.*, both 'substantial' and 'legally protectable.'"
> A "direct" interest is one that is not "remote" or "contingent." A "legally protectable" interest is one that "the *substantive* law recognizes as belonging to or being owned by the applicant." A party who qualifies as a "real party in interest" under Rule 17(a), F.R.Civ.P., is a party with a "legally protectable" interest.

(Internal citations omitted.)

[¶13] In *Medical Liability Mutual Insurance Company v. Alan Curtis LLC*, 485 F.3d 1006, 1008 (8th Cir. 2007), the court explained that the interest must be "direct, substantial, and legally protectable" for an interest to be "cognizable" under Rule 24(a)(2):

> An interest is cognizable under Rule 24(a)(2) only where it is "direct, substantial, and legally protectable." *United States v. Union Elec. Co.*, 64 F.3d 1152, 1161 (8th Cir. 1995). An economic interest in the outcome of the litigation is not itself sufficient to warrant mandatory intervention. *Curry v. Regents of the Univ.*, 167 F.3d 420, 422–23 (8th Cir. 1999). An interest that is "contingent upon the occurrence of a sequence of events before it becomes colorable" is also not sufficient to satisfy Rule 24(a)(2). *Standard Heating & Air Conditioning Co. v. City of Minneapolis*, 137 F.3d 567, 571 (8th Cir. 1998), *quoting Washington Elec. v. Mass. Mun. Wholesale Elec.*, 922 F.2d 92, 97 (2d Cir. 1990).

[¶14] In *Liberty Mutual Insurance Company v. Treesdale, Inc.*, 419 F.3d 216, 221 (3d Cir. 2005), the court further discussed the requisite "cognizable interest":

> While the precise nature of the interest required to intervene as of right has eluded precise and authoritative definition, some general guidelines have emerged. . . . [A]n intervenor's interest must be one that is significantly protectable. [This means that] the interest must be a legal interest as distinguished from interests of a general and indefinite character. The applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene. This interest is recognized as one belonging to or one being owned by the proposed intervenors. . . . In general, a mere economic interest in the outcome of litigation is insufficient to support a motion to intervene. Thus, the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene.

*Treesdale*, at 220-21 (quoting *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) (citations omitted)).

5

[¶15] With this standard in mind, we examine whether Continental has shown a cognizable interest in these proceedings.

A

[¶16] This case involves an appeal to the district court under N.D.C.C. § 10-32.1-91, seeking P&P's reinstatement. Under N.D.C.C. § 10-32.1-91(1)(b)(1), a foreign limited liability company may appeal to the district court in Burleigh County for reinstatement after the Secretary of State has revoked a certificate of authority to transact business in the State. This statute provides, in relevant part:

> 1. With respect to reinstatement following involuntary termination or revocation of authority:
>
> > . . . .
> >
> > b. With respect to a reinstatement which is more than one year after involuntary termination or revocation:
> >
> > > (1) If the secretary of state terminates a limited liability company or revokes the certificate of authority to transact business in this state of any foreign limited liability company, pursuant to the provisions of section 10-32.1-90, then the limited liability company or foreign limited liability company may appeal to district court in the judicial district serving Burleigh County for reinstatement by filing with the clerk of such court a petition, including:
> > >
> > > > (a) A copy of the articles of organization of the limited liability company and a copy of the notice of termination given by the secretary of state; or
> > > >
> > > > (b) A copy of the certificate of authority of the foreign limited liability company to transact business in this state and a copy of the notice of revocation given by the secretary of state. The matter must be tried de novo by the court. The court shall either sustain the action of the secretary of state or direct the secretary of state to take such action as the court may deem proper.
> > >
> > > (2) If the court order sought is one for reinstatement of a limited liability company that has been terminated

6

as provided in subsection 1 of section 10-32.1-90, or for reinstatement of the certificate of authority of a foreign limited liability company that has been revoked as provided in subsection 2 of section 10-32.1-90, then, together with any other actions the court deems proper, any order which reverses the decision of the secretary of state shall require the limited liability company or foreign limited liability company to:

(a) File the most recent past-due annual report;
(b) Pay the fees to the secretary of state for all past-due annual reports as provided in subsection [25] of section 10-32.1-92; and
(c) Pay the reinstatement fee to the secretary of state as provided in subsection [25] of section 10-32.1-92.

(3) Appeals from all final orders and judgments entered by the district court under this section in review of any ruling or decision of the secretary of state may be taken as in other civil actions.

. . . .

e. Appeals from all final orders and judgments by the district court under this subsection may be taken as in other civil actions.

N.D.C.C. § 10-32.1-91(1).

[¶17] Continental argues the district court erred in denying its amended motion and it had met the requirements of N.D.R.Civ.P. 24(a)(2) to intervene as a matter of right because it has an interest relating to the subject matter of P&P's reinstatement. Continental contends it has a "statutory right" to prevent P&P from asserting its breach of contract claim in the Williams County case because P&P's certificate of authority in North Dakota was terminated in 2015. *See* N.D.C.C. § 10-32.1-84(1) ("A foreign limited liability company transacting business in this state may not maintain an action or proceeding in this state unless it has a certificate of authority to transact business in this state.").

[¶18] Continental argues that its interest goes beyond merely an argument asserted in the Williams County case, because it has a right to enforce N.D.C.C.

7

§ 10-32.1-84(1) against a foreign limited liability company attempting to use North Dakota courts to assert a "prohibited" cause of action in defending against P&P's counterclaim. Continental asserts the subject matter of the reinstatement proceeding is whether P&P's certificate of authority should be reinstated under N.D.C.C. § 10-32.1-91(1)(b) and P&P's ability to satisfy the statute and assert its counterclaim against Continental in the Williams County case wholly depends on P&P obtaining the valid reinstatement order.

[¶19] Continental also argues that its interest may be impaired as a result of the reinstatement and that its interest was not adequately protected by an existing party to the reinstatement proceeding, *i.e.*, the Secretary of State. Continental asserts that, contrary to the statute's requirements, the Secretary has consented to the reinstatement of P&P, has taken no position on its amended motion to intervene, and has failed to take any action to "correct" the reinstatement order despite there being no dispute that P&P did not exist when the reinstatement order was signed.

[¶20] Continental argues intervention was not precluded because Continental timely sought to intervene within the time for appeal and within the time for vacating a void order under N.D.R.Civ.P. 60(b), or alternatively under N.D.R.Civ.P. 60(b)(1), (3), and (6). Continental asserts it met all of the elements for intervention as a matter of right and requests this Court to reverse the intervention order and remand for the district court to consider its request under N.D.R.Civ.P. 60(b) to vacate the void reinstatement order.

[¶21] Here, in denying Continental's amended motion to intervene, the district court explained:

> In this case, Continental's claimed "interest" in this reinstatement action derives from a motion filed in a completely separate lawsuit. Continental essentially argues that it has a right to intervene in this matter because this Court's Order granting P&P's reinstatement affects an argument Continental is trying to make in a motion in another lawsuit. This Court concludes this is not a legally protectable interest in this reinstatement action.
> The fact that this Court's reinstatement may impact Continental's arguments in the Williams County case does not mean the arguments in

8

the Williams County case should impact this Court's decision on P&P's reinstatement. Actions for reinstatement involve only the company seeking reinstatement, and the Secretary of State's Office. Section 10-32.1-91, N.D.C.C., is clear regarding the process a company must undergo when seeking that reinstatement. That the reinstatement may impact other legal matters is not one of the factors the district court considers in reviewing the filings to ensure they are in compliance with the statute. Here, the Secretary of State clearly consented to the immediate reinstatement of P&P. There are no other parties involved in a reinstatement action.

> The Court concludes Continental has no interest in P&P's reinstatement. Having to defend from a claim in a completely separate action unrelated to the reinstatement is not a direct, substantial, and legally protectable interest. P&P's reinstatement has no effect on Continental's ability to defend itself in the Williams County Action. Therefore, Continental does not have a right to intervene in this matter, and the Court will not permit intervention.

The district court declined to consider Continental's request under N.D.R.Civ.P. 60 to vacate its prior reinstatement order because Continental is not a party and intervention was not allowed.

[¶22] We agree with the conclusion that Continental's interest in the statutory appeal to the district court is tangential and that Continental has no direct, substantial, and legally protectable interest in P&P's reinstatement. *See Fisher*, 546 N.W.2d at 356 ("[A]pplicant for intervention must have an interest in the subject matter of the litigation, *i.e.*, an interest that is 'direct,' as opposed to tangential or collateral." (citation omitted)). The question here is whether Continental's interest in these proceedings is a direct, substantial, and legally protectable interest. *See Treesdale. Co.*, 419 F.3d at 221 ("[A] mere economic interest in the outcome of litigation is insufficient to support a motion to intervene. . . . [T]he mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene." (citation omitted)).

[¶23] Continental's asserted interest is its ability to "enforce" N.D.C.C. § 10-32.1-84(1), precluding a foreign LLC from maintaining an action unless it has

9

a certificate of authority, by way of its motion to dismiss P&P's counterclaim in the pending Williams County action. While Continental plainly has a direct interest in the Williams County action, that interest is not sufficiently direct for Continental to intervene as of right in the statutory appeal provided under N.D.C.C. § 10-32.1-91. Continental does not purport to have an ownership interest in or to be a member of P&P. The fact that the appeal proceedings may impede Continental's motion to dismiss in a separate lawsuit does not give it a right to intervene. We conclude that Continental's interest in the appeal under N.D.C.C. § 10-32.1-91 is more appropriately categorized as tangential and collateral, and under these facts and circumstances the district court did not err in denying Continental's amended motion to intervene as a matter of right.

[¶24] Additionally, to the extent Continental seeks to vacate the April 2020 reinstatement order under N.D.R.Civ.P. 60(b), that relief is available only to "a party or its legal representative from a final judgment, order, or proceeding." Because the district court did not err in denying intervention, we conclude the court did not err by refusing to consider Continental's request to vacate its prior reinstatement order.

III

[¶25] Continental requests, alternatively, this Court to exercise its supervisory authority and direct the district court to vacate the April 2020 reinstatement order.

[¶26] While the parties to this proceeding have not appealed the district court's April 2020 reinstatement order, this Court may exercise supervisory jurisdiction to review the order.

> Under N.D. Const. art. VI, § 2, and N.D.C.C. § 27-02-04, this Court may examine a district court decision by invoking our supervisory authority. We exercise our authority to issue supervisory writs rarely and cautiously, and only to rectify errors and prevent injustice in extraordinary cases when no adequate alternative remedy exists. Our authority to issue a supervisory writ is "purely discretionary," and we determine whether to

10

exercise supervisory jurisdiction on a case-by-case basis, considering the unique circumstances of each case. Exercise of supervisory jurisdiction may be warranted when issues of vital concern regarding matters of important public interest are presented.

*Wilkinson v. Bd. of Univ. & Sch. Lands*, 2020 ND 179, ¶ 17, 947 N.W.2d 910 (quoting *Nygaard v. Taylor*, 2017 ND 206, ¶ 11, 900 N.W.2d 833) (quotation marks omitted). This Court generally will not exercise its supervisory jurisdiction when the proper remedy is an appeal. *City of West Fargo v. Olson*, 2020 ND 188, ¶ 3, 948 N.W.2d 15; *State ex rel. Madden v. Rustad*, 2012 ND 242, ¶ 5, 823 N.W.2d 767.

[¶27] Continental argues this Court should exercise its supervisory authority and direct the district court to vacate the "void" reinstatement order. Continental contends that the district court lacked subject matter jurisdiction when it signed the reinstatement order because: Manning lacked standing to seek reinstatement on behalf of P&P since the statute requires the entity to file the petition for reinstatement under N.D.C.C. § 10-32.1-91(1)(b)(1); and P&P lacked standing to obtain reinstatement since P&P did not exist in Delaware, the state of the LLC's formation, at the time the petition was filed and the reinstatement order was signed. Continental argues the "void" reinstatement order could not be made valid by subsequent events.

[¶28] We conclude that the fact Continental may be unable to appeal the district court's order on P&P's reinstatement does not alone create "extraordinary circumstances" justifying our supervisory jurisdiction. Moreover, we conclude that issues of vital concern regarding matters of important public interest are not present in this case. Continental's motion to intervene is primarily based upon an alleged defense to P&P's counterclaim in the separate action. Under these facts and circumstances, we decline to exercise our supervisory jurisdiction.

IV

[¶29] Because of our disposition of Continental's appeal, we do not address Manning's motions to strike and to dismiss the appeal in part. We have

11

considered Continental's remaining arguments and conclude the remaining arguments are unnecessary to our decision. The district court's order denying Continental's amended motion to intervene is affirmed.

[¶30] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Jay A. Schmitz, D.J.

[¶31] The Honorable Jay A. Schmitz, D.J., sitting in place of VandeWalle, J., disqualified.