# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2024 ND 54

The State of North Dakota, by
and through the North Dakota
Department of Health and Human
Services and Dr. Hein-Kolo,                                    Petitioners

v.

State of North Dakota, Nicholas
Thornton, District Judge, Southeast
Judicial District; State of North
Dakota; and Michael Kevin Brenum,                             Respondents

### No. 20240017

Petition for Supervisory Writ.

PETITION FOR SUPERVISORY WRIT GRANTED.

Opinion of the Court by Tufte, Justice, in which Chief Justice Jensen and
Justice McEvers joined. Justice Bahr filed a dissenting opinion, in which
Justice Crothers joined.

Jane G. Sportiello (argued) and Courtney R. Titus (on brief), Assistant
Attorneys General, Bismarck, N.D., for petitioners.

Kiara C. Kraus-Parr, Special Assistant Attorney General, Grand Forks, N.D.,
for the Honorable Nicholas Thornton, respondent.

**Tufte, Justice.**

[¶1]   The North Dakota Department of Health and Human Services and Dr. Hein-Kolo petition this Court to exercise its original jurisdiction and issue a supervisory writ directing the district court to vacate its order which directed the Department to conduct a pre-plea risk assessment and also vacate its order holding the Department and Dr. Hein-Kolo in contempt. The Department and Dr. Hein-Kolo argue the district court misinterpreted the law by ordering a risk assessment before acceptance of a guilty plea and a supervisory writ is necessary because there is no other adequate remedy. We exercise our supervisory jurisdiction and vacate the district court's order directing the Department to conduct a pre-plea risk assessment and the order holding the Department and Dr. Hein-Kolo in contempt.

I

[¶2]   The State reached a plea agreement with Michael Brenum in a criminal case in which the State agreed to recommend a sentence no greater than that specified in the presentence investigation (PSI). The court ordered a pre-plea PSI and combined the change of plea and sentencing hearing.

[¶3]   The risk assessment score triggered the secondary phase of the assessment, which was referred to the Department. Dr. Hein-Kolo responded that the Department would not approve the secondary process of the assessment based on a pre-plea PSI.

[¶4]   The district court issued an order directing Dr. Hein-Kolo to appear personally and show cause why she should not be held in contempt for not completing the risk assessment. The Department responded by arguing it has the sole authority to determine what triggers the secondary process for the risk assessment and the risk assessment process should be used only after a conviction has occurred according to assessment guidelines. The court determined it had the authority to order the presentence investigation prior to entry of a plea. It then held the Department in contempt for not completing the risk assessment. The court's order referred to Dr. Hein-Kolo as "the

1

representative of the Department," and characterized her refusal to conduct the risk assessment as "on behalf of DHS." The court ordered the Department "by and through an appropriate tier 1a mental health professional" to prepare a report. The Department and Dr. Hein-Kolo petitioned for a supervisory writ and requested a stay from this Court, which was granted.

II

[¶5] The Department and Dr. Hein-Kolo petition this Court to exercise its original jurisdiction and issue a supervisory writ, arguing the issue is not appealable and no adequate alternative remedy exists.

[¶6] Under N.D. Const. art. VI, § 2, and N.D.C.C. § 27-02-04, this Court may review a district court decision under its supervisory authority. We have explained:

> We exercise our authority to issue supervisory writs rarely and cautiously on a case-by-case basis and only to rectify errors and prevent injustice in extraordinary cases when no adequate alternative remedy exists. Our authority to issue a supervisory writ is discretionary. We generally will not exercise our supervisory jurisdiction where the proper remedy is an appeal.

*Department of Human Services v. Schmidt*, 2021 ND 137, ¶ 6, 962 N.W.2d 612 (cleaned up).

[¶7] We conclude this is an appropriate case in which to exercise our supervisory jurisdiction because the Department and Dr. Hein-Kolo lack any adequate alternative remedy. The State's right to appeal in criminal matters is limited by N.D.C.C. § 29-28-07. The State cannot appeal from an order to conduct a pre-plea risk assessment. *Id*.

[¶8] The Department and Dr. Hein-Kolo are not parties in this criminal action. In *Schmidt*, we concluded the Department properly requested we exercise our supervisory jurisdiction because no adequate alternative remedy existed and it was a matter of vital concern to the public. 2021 ND 137, ¶ 8. The same rationale applies here.

# III

## A

[¶9]   The Department and Dr. Hein-Kolo argue the statute provides for a risk assessment only after a conviction.

[¶10] Statutory interpretation is a question of law. *State v. Nupdal*, 2021 ND 200, ¶ 5, 966 N.W.2d 547. When interpreting a statute, this Court reads provisions in context to give meaning and effect to each word and phrase according to its ordinary meaning. *Id.* (citing *State v. Marcum*, 2020 ND 50, ¶ 21, 939 N.W.2d 840; N.D.C.C. § 1-02-02). "Risk assessment" is defined by statute.

> "Risk assessment" means an initial phase with a secondary process approved by the department of health and human services for the evaluation of the likelihood a person that committed an offense will commit another similar offense. The initial phase is an assessment tool that is administered by a trained probation and parole officer. A predetermined score on the initial phase initiates the secondary process that includes a clinical interview, psychological testing, and verification through collateral information or psychophysiological testing, or both. The department of health and human services shall perform the secondary process of the risk assessment.

N.D.C.C. § 12.1-01-04(27). The plain language of the statute gives the Department the authority to approve the secondary process of the risk assessment and the responsibility to perform that secondary process. *Id.*; *Schmidt*, 2021 ND 137, ¶ 10.

[¶11] Under N.D.C.C. § 12.1-01-04(27), a "risk assessment" is conducted on "a person that committed an offense." Section 12.1-01-04(19), N.D.C.C., defines "offense" as "conduct for which a term of imprisonment or a fine is authorized by statute after conviction." The fact that a person was charged with a crime does not establish that the person has committed the offense. N.D.C.C. § 12.1-01-03(1) ("No person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. An accused is presumed innocent until proven guilty."). A guilty verdict or a guilty plea accepted by the court

may establish that a person "committed an offense" for purposes of a risk assessment. Prior to an adjudication after trial or acceptance of a guilty plea by the court, an individual accused of an offense has not "committed an offense" within the meaning of the risk assessment statute.

## B

[¶12] The district court relied on its authority under N.D.R.Crim.P. 32(c)(1) to order a presentence investigation "at any time." It further concluded that once ordered, the Department must approve and perform the secondary process according to the schedule directed by the court.

[¶13] We disagree. The statutory definition of "risk assessment" is not a rule of procedure subject to being superseded by court rule. *See State v. $3260 United States Currency*, 2018 ND 112, ¶ 9, 910 N.W.2d 839. The term "committed an offense" is a substantive predicate to the required risk assessment rather than a procedural timing requirement that might be overridden by Rule 32's allowance for a presentence investigation including a risk assessment "at any time." N.D.R.Crim.P. 32(c)(1). The district court may order a PSI at any time under N.D.R.Crim.P. 32(c)(1), but it may not require the Department to perform the risk assessment other than by its approved process or before the substantive requirements are met. *See Schmidt*, 2021 ND 137, ¶ 10.

## IV

[¶14] The respondent district court judge described the order as finding "DHHS and Dr. Hein-Kolo in contempt," but then three times referred to Dr. Hein-Kolo in her capacity as an employee of the Department. The order concludes with a reference to potential further sanctions, including imprisonment, which has no obvious application to the Department or Dr. Hein-Kolo in her official capacity. *See Kautzman v. McDonald*, 2001 ND 20, ¶¶ 5-9, 621 N.W.2d 871. We have previously granted supervisory writs when a petitioner has no adequate alternative remedy but to follow a court order or be held in contempt. *W. Horizons Living Ctrs. v. Feland*, 2014 ND 175, ¶ 7, 853 N.W.2d 36; *Trinity Med. Ctr., Inc. v. Holum*, 544 N.W.2d 148, 152 (N.D. 1996); *Reems ex rel. Reems v. Hunke*, 509 N.W.2d 45, 47 (N.D. 1993). Because the

4

contempt order was premised on an otherwise unappealable order which misapplied the law, we also exercise our supervisory jurisdiction and vacate the district court order holding the Department and Dr. Hein-Kolo in contempt.

V

[¶15] We exercise our supervisory jurisdiction and vacate the district court's order directing the Department to conduct a pre-plea risk assessment and the order holding the Department and Dr. Hein-Kolo in contempt.

[¶16] Jon J. Jensen, C.J.
   Lisa Fair McEvers
   Jerod E. Tufte

**Bahr, Justice, dissenting.**

[¶17] I respectfully dissent. Although I agree with the majority's conclusion in part III, I am of the opinion this is not an appropriate case to exercise our supervisory jurisdiction. Therefore, I would deny the Department's petition for supervisory writ.

[¶18] For clarity purposes, in this opinion I refer to the North Dakota Department of Health and Human Services as "the Department." Although it is unclear whether the order to show cause and contempt order were directed at Dr. Hein-Kolo in her official capacity (as an employee of the Department), or in her individual capacity, I refer to the Department and Dr. Hein-Kolo jointly as "the Department" or "the petitioner." The State of North Dakota, through the Sargent County State's Attorney, is the plaintiff or prosecutor in the underlying criminal action, which I refer to as "the State." For purposes of this opinion, I also assume without deciding that the Department's time to file a notice of appeal has expired.

[¶19] As acknowledged by the majority, we exercise our discretionary authority to issue supervisory writs "rarely and cautiously" and only in cases "when no adequate alternative remedy exists." Majority, at ¶ 6 (quoting *Dep't of Human Servs. v. Schmidt*, 2021 ND 137, ¶ 6, 962 N.W.2d 612); *see also Dep't of Corr. &*

5

*Rehab. v. Louser*, 2023 ND 143, ¶ 4, 994 N.W.2d 148. We have "indicated numerous times that we will exercise original jurisdiction only where justice is threatened and no other remedy is adequate or allowed by law." *Grand Forks Herald v. Dist. Ct. in & for Grand Forks Cnty.*, 322 N.W.2d 850, 852 (N.D. 1982). The majority's decision to issue a supervisory writ in this case is contrary to our long-standing precedent not to exercise our discretionary authority to issue supervisory writs when an adequate alternative remedy exists.

[¶20] "An order holding a person in contempt is a final order for purposes of appeal." *Ted J. Boutrous, L.L.C. v. Transform Operating Stores, LLC*, 2023 ND 35, ¶ 39, 987 N.W.2d 350 (quoting *Kettle Butte Trucking LLC v. Kelly*, 2018 ND 110, ¶ 8, 910 N.W.2d 882). "As such, '[a] contempt order is immediately appealable.'" *Id.* (quoting *Dieterle v. Dieterle*, 2022 ND 161, ¶ 13, 978 N.W.2d 722); *see also* N.D.C.C. § 27-10-01.3(3) ("An appeal may be taken to the supreme court from any order or judgment finding a person guilty of contempt. An order or judgment finding a person guilty of contempt is a final order or judgment for purposes of appeal."). Because the contempt order was immediately appealable, the Department had an adequate alternative remedy to a supervisory writ.

[¶21] The Department could have appealed the contempt order. Assuming, as the majority does, the order directing the Department to conduct a pre-plea risk assessment was not appealable, this Court could have reviewed both the contempt order and the order directing the Department to conduct a pre-plea risk assessment had the Department appealed the contempt order. As this Court has stated, "most non-appealable intermediate orders may be reviewed on an appeal from the final judgment or other final appealable order." *Peterson v. Schulz*, 2017 ND 155, ¶ 10, 896 N.W.2d 916. In *Peterson*, we reviewed an order to show cause, which is not an appealable order, when Peterson appealed the order finding her in contempt, which is appealable. *Id.* at ¶¶ 10-11; *see also* N.D.R.App.P. 35(a)(2) ("Upon an appeal from a judgment, the court may review any intermediate order or ruling which involves the merits and affects the judgment appearing upon the record."). Once the district court issued the contempt order, the Department's adequate remedy was to appeal the contempt order.

6

[¶22] The three cases cited by the majority do not support issuing a supervisory writ in this case. *See* Majority, at ¶ 14. All three cases involve situations where the district court issued orders compelling the petitioner to answer discovery requests. *W. Horizons Living Ctrs. v. Feland*, 2014 ND 175, ¶ 1, 853 N.W.2d 36; *Trinity Med. Ctr., Inc. v. Holum*, 544 N.W.2d 148, 150 (N.D. 1996); *Reems ex rel. Reems v. Hunke*, 509 N.W.2d 45, 46 (N.D. 1993). In each case, we explained the order is not directly appealable and the petitioner had no immediate recourse but to answer the discovery requests or be held in contempt. *W. Horizons Living Ctrs.*, at ¶ 7; *Trinity Med. Ctr.*, at 152; *Reems*, at 47. "[O]nce the disclosures ordered by the district court are made, they cannot be 'unmade.'" *W. Horizons Living Ctrs.*, at ¶ 7. Thus, we concluded it was appropriate to exercise our supervisory jurisdiction because the petitioners had no viable alternative remedy to a supervisory writ. *See W. Horizons Living Ctrs.*, at ¶ 8 ("We conclude this is an appropriate case to exercise our supervisory jurisdiction because the court's order compelling disclosure of the claimed privileged or protected information cannot be 'unmade' and [petitioner's] remedy by later appeal from a judgment is not adequate."); *Trinity Med. Ctr.*, at 152 ("[Petitioner] has no viable alternative remedy to a supervisory writ."); *Reems*, at 47 ("Under these circumstances, [petitioner] has no viable alternative remedy to a supervisory writ.").

[¶23] This Court has repeatedly granted supervisory writs when the petitioner is subject to a non-appealable order compelling the petitioner to disclose claimed privileged, confidential, or protected information. *See, e.g.*, *Troubadour Oil & Gas, LLC v. Rustad*, 2022 ND 191, ¶ 6, 981 N.W.2d 918; *St. Alexius Med. Ctr. v. Nesvig*, 2022 ND 65, ¶ 7, 971 N.W.2d 878; *Jane H. v. Rothe*, 488 N.W.2d 879, 881 (N.D. 1992); *Polum v. N.D. Dist. Ct., Stark Cnty., Sw. Jud. Dist.*, 450 N.W.2d 761, 763 (N.D. 1990). But the analysis in those cases does not support granting supervisory writ in a case involving an appealable contempt order. *See Invs. Title Ins. Co. v. Herzig*, 2010 ND 138, ¶ 75, 785 N.W.2d 863 (declining to exercise our supervisory authority because the party could have appealed the contempt order). The Department had a viable alternative remedy to a supervisory writ; it had the "immediate recourse" of appealing the contempt order.

[¶24] The majority correctly states, "The State's right to appeal in criminal matters is limited by N.D.C.C. § 29-28-07." Majority, at ¶ 7. The State's limited right to appeal in criminal matters has no bearing on whether the Court should grant the Department's petition. The district court's order to conduct a pre-plea risk assessment is not directed to the State; it is directed to the Department of Corrections and Rehabilitation or its designee. Moreover, the State is not the petitioner; the petitioner is the Department which had a viable alternative remedy to a supervisory writ. *See Flattum-Riemers v. Flattum-Reimers*, 1999 ND 146, ¶ 11, 598 N.W.2d 499 ("An alleged contemnor who feels that an order is erroneous has an adequate remedy to have it reviewed by way of appeal[.]") (quoting 17 Am. Jur. 2d *Contempt* § 147 (1990)).

[¶25] *Department of Human Services v. Schmidt,* 2021 ND 137, 962 N.W.2d 612, does not support issuance of a supervisory writ in this case. In *Schmidt*, the district court ordered the Department to allow the defendant's attorney "to be present in person and advise" the defendant during the presentence investigation (PSI) evaluations. *Id.* at ¶ 4. "The court also ordered the Department to schedule the evaluation to occur within fourteen days." *Id.* The Department filed a petition for a writ of supervision, and the Court stayed the evaluation. *Id.* Because the Department was not a party to the action, and lacked another adequate remedy, we concluded it was an appropriate case in which to exercise our supervisory jurisdiction. *Id.* at ¶ 8. *Schmidt* is distinguishable from this case because, as previously noted, the Department had the adequate remedy of appealing the contempt order. *See Grand Forks Herald*, 322 N.W.2d at 852 (stating "a supervisory writ is not intended to be a substitute for appeal nor is it intended to be used in lieu of other adequate remedies available under the law"). The Department's failure to exercise its adequate remedy, whether due to a tactical choice or procedural error, does not justify this Court's exercise of its original jurisdiction. *See State, ex rel. Harris v. Lee*, 2010 ND 88, ¶ 22, 782 N.W.2d 626 (Maring, J., dissenting) ("The extraordinary remedy of issuing a supervisory writ as provided for under N.D. Const. art. VI, § 2, and N.D.C.C. § 27-02-04, was not intended as a method for this Court to relieve parties of the consequences of tactical choices or procedural errors. Rather, the remedy is available to this Court only when

there is no effective means of bringing an issue to this Court through an appeal or alternative means.").

[¶26] Expediency also does not justify issuance of the supervisory writ. "On its own or a party's motion, the supreme court may—to expedite its decision or for other good cause—suspend any provision" of the Rules of Appellate Procedure in a particular case. N.D.R.App.P. 2. Thus, if the Department had properly appealed and timeliness was an issue, this Court could have expedited briefing and issued its decision in the same period it issued this decision. *See* N.D.R.App.P. 2, Explanatory Note ("This rule is substantially the same as Fed.R.App.P. 2, and is intended to make clear the power of the court to expedite cases of pressing concern to the public or to litigants."); Fed.R.App.P. 2, Advisory Committee Notes to 1967 Adoption ("The primary purpose of this rule is to make clear the power of the courts of appeals to expedite the determination of cases of pressing concern to the public or to the litigants by prescribing a time schedule other than that provided by the rules."); 2A Barbara J. Van Arsdale et al., *Fed. Proc., L. Ed.* § 3:503 (March 2024 Update) ("Fed. R. App. P. 2 enables a court of appeals to expedite a matter of pressing concern."); 16A Charles Alan Wright, Arthur R. Miller, & Catherine T. Struve, *Fed. Prac. & Proc. Juris.* § 3948 (5th ed. April 2023 Update) (noting appellate courts have relied on Rule 2 when "ordering expedited briefing"); *see also Muraskin v. Muraskin*, 336 N.W.2d 332, 333 (N.D. 1983) (granting stay of judgment "with the condition that the appeal be expedited"); *Amerada Hess Corp. v. Furlong Oil & Mins. Co.*, 336 N.W.2d 129, 132 (N.D. 1983) (ordering appeal from an order dissolving a temporary restraining order be expedited).

[¶27] I recognize our decision whether to issue a supervisory writ is "purely discretionary." I believe we should exercise that discretion based on established principles, a primary one being whether the petitioner had an adequate alternative remedy. I dissent from the majority's exercise of our authority to issue a supervisory writ because the Department had an adequate alternative remedy to a supervisory writ.

[¶28] Daniel J. Crothers

Douglas A. Bahr

9