# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2024 ND 112

Torrey Kath,                                           Plaintiff and Appellee

v.

Michael Prochnow, Prochnow Farms,                     Defendants

and

Agraria Insurance Company dba Farmers
Union Mutual Insurance Company,        Interested Party and Appellant

### No. 20230406

Appeal from the District Court of Richland County, Southeast Judicial District, the Honorable Bradley A. Cruff, Judge.

PETITION DENIED; REVERSED AND REMANDED.

Opinion of the Court by Crothers, Justice.

Eric Hinckley and Devin K. Ross, Ogden, UT, for plaintiff and appellee; submitted on brief.

David D. Schweigert and Tyler J. Siewert, Bismarck, ND, for interested party and appellant; submitted on brief.

**Crothers, Justice.**

[¶1]   Agraria Insurance Company, doing business as Farmers Union Mutual Insurance Company, appeals from a district court's order holding it lacked jurisdiction to decide FUMIC's motion to intervene. FUMIC also filed a petition for a writ of supervision. We deny the petition because the court's order is appealable. Exercising our appellate jurisdiction, we conclude the district court erred when it held it lacked jurisdiction. We reverse the court's order and remand for the court to decide FUMIC's motion to intervene and, if necessary, to conduct additional proceedings consistent with its disposition of the motion.

I

[¶2]   Torrey Kath brought this personal injury action against Michael Prochnow and Prochnow Farms. The parties filed a "Stipulation of Dismissal with Prejudice," and the district court subsequently entered a judgment dismissing the case with prejudice. Kath then filed a separate declaratory judgment action against FUMIC seeking an order that FUMIC had a duty to indemnify Prochnow under an insurance policy. *See* No. 47-2022-cv-546. The court in that action ruled coverage existed under the policy. FUMIC moved for summary judgment arguing it had no duty to indemnify Prochnow because this personal injury case had been dismissed with prejudice. While FUMIC's motion in the declaratory judgment action was pending, Kath and Prochnow filed a "Joint Rule 60 Motion to Vacate Dismissal with Prejudice" in this case. They included a stipulation for judgment and proposed order awarding Kath judgment against Prochnow "in the amount of $2,000,000.00 to be paid solely by Defendants' insurance companies—National Farmers Union and/or Farmers Union Mutual—as agreed to in the parties' *Miller-Shugart* agreement." "'[I]n an authentic *Miller-Shugart* settlement, the insurer has denied all coverage, and the abandoned insured, left on its own, agrees with the plaintiffs that judgment in a certain sum may be entered against it in return for the plaintiffs releasing the insured from any personal liability.'" *Sellie v. N.D. Ins. Guar. Ass'n*, 494 N.W.2d 151, 155 (N.D. 1992) (quoting

1

*Buysse v. Baumann-Furrie & Co.*, 481 N.W.2d 27, 29 (Minn. 1992)). The court signed the proposed order and entered a second judgment with the same language.

[¶3]   FUMIC filed a motion to intervene approximately two weeks after the district court entered its second judgment. FUMIC asserted it was entitled to intervene as a matter of right because Kath and Prochnow were seeking to impair its rights by filing the stipulation and seeking an amended judgment. FUMIC also argued the district court improperly granted Kath and Prochnow's N.D.R.Civ.P. 60 motion because it was untimely and not signed by Prochnow's attorney. Kath asserts he filed a response in opposition, but none exists in the record. The court entered an "Order of No Jurisdiction," holding it could not rule on FUMIC's intervention motion because the "case has been dismissed and the court is without jurisdiction to take any further action in this case." FUMIC appealed the district court's order. This Court directed the parties to brief the issue of whether the order is appealable. FUMIC filed a brief arguing the order is appealable and also a petition for a supervisory writ.

II

[¶4]   FUMIC's petition for a writ of supervision asks us to direct the district court to strike the Rule 60 motion and vacate the second judgment. We have supervisory authority under N.D. Const. art. VI, § 2 and N.D.C.C. § 27-02-04. We exercise our supervisory authority "'rarely and cautiously on a case-by-case basis and only to rectify errors and prevent injustice in extraordinary cases when no adequate alternative remedy exists.'" *N.D. Dep't of Health and Human Servs. v. State*, 2024 ND 54, ¶ 6, 5 N.W.3d 547 (quoting *N.D. Dep't of Human Servs. v. Schmidt,* 2021 ND 137, ¶ 6, 962 N.W.2d 612). We only exercise our original jurisdiction "where justice is threatened and no other remedy is adequate or allowed by law." *Grand Forks Herald v. Dist. Ct. in & for Grand Forks Cty.*, 322 N.W.2d 850, 852 (N.D. 1982). An appeal constitutes an adequate remedy at law. *Id.* Where the proper remedy is an appeal, we generally will not exercise our supervisory authority. *Schmidt*, at ¶ 6.

[¶5]   We decline to exercise our supervisory authority because the district court's order holding it lacked jurisdiction to decide FUMIC's motion to

2

intervene is appealable. Section 28-27-02(2), N.D.C.C., authorizes an appeal from "[a] final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment." A petition to intervene initiates a special proceeding. *Wyatt v. R.D. Werner Co., Inc.*, 524 N.W.2d 579, 580 (N.D. 1994). An order denying a petition to intervene ends the special proceeding and is therefore appealable under N.D.C.C. § 28-27-02(2). *Wyatt*, at 580; *see also Manning v. Jaeger*, 2021 ND 162, ¶ 8, 964 N.W.2d 522 (reviewing appeal from order denying motion to intervene). The district court's order holding it lacked jurisdiction to rule on FUMIC's intervention motion finally ended the special proceeding and prevents FUMIC from becoming a party to the action. Because the order is appealable under N.D.C.C. § 28-27-02(2), we deny FUMIC's petition for a supervisory writ and instead exercise our appellate jurisdiction.

### III

[¶6]   On appeal, FUMIC argues the district court erred when it held it lacked jurisdiction to decide the motion to intervene. We agree. "North Dakota district courts are courts of general jurisdiction." *Lavallie v. Jay*, 2020 ND 147, ¶ 6, 945 N.W.2d 288; *see also* N.D. Const. art. VI, § 8. Judicial remedies in this state are divided into two categories: actions and special proceedings. N.D.C.C. § 32-01-01. District courts have the "[p]ower to hear and determine all civil actions and proceedings." N.D.C.C. § 27-05-06(2); *see also Kee v. Redlin*, 203 N.W.2d 423, 429 (N.D. 1972) (stating "a special proceeding is a remedy of statutory origin"); *Hazelton-Moffit Special School Dist. No. 6 v. Ward*, 107 N.W.2d 636, 645 (N.D. 1961) (stating a "special proceeding is an independent remedy which cannot be taken by action"). A petition to intervene "initiates a special proceeding" where the relief sought is permission to intervene in an action. *Wyatt*, 524 N.W.2d at 580 (quoting *Becker v. Becker*, 225 N.W.2d 884, 886 (Wis. 1975)).

[¶7]   The district court in this case ruled it lacked jurisdiction to decide FUMIC's motion to intervene because it entered a dismissal judgment before the motion was filed. The court relied on a statement in *Albrecht v. Metro Area Ambulance*, 1998 ND 132, ¶ 13, 580 N.W.2d 583, where we said: "After a court

3

enters an order of dismissal without prejudice, the action is ended, and there is no longer an action pending before the court." In *Albrecht*, the court granted a plaintiff's request to dismiss her case without prejudice and entered a dismissal order. *Id.* at ¶ 4. The court later set the matter for trial "for some reason not evidenced by the record." *Id.* at ¶ 6. After trial, the court entered a judgment of dismissal with prejudice. *Id.* at ¶ 7. The plaintiff appealed, and this Court vacated the post-trial judgment holding the district court lacked jurisdiction to conduct proceedings after dismissing the case. *Id.* at ¶ 13. It was improper for the court to conduct additional proceedings after entering the order for dismissal without prejudice because "neither party ever moved under Rule 60(b)" for relief from the dismissal order or took other steps to re-invoke the court's jurisdiction. *Id.* at ¶ 15.

[¶8] Unlike *Albrecht*, Kath and Prochnow sought relief from the judgment in this case under Rule 60(b) and, in doing so, they re-invoked the district court's jurisdiction. *See Gruebele v. Gruebele*, 338 N.W.2d 805, 811 (N.D. 1983) (stating the Rules of Civil Procedure, when properly invoked, authorize modification of judgments). Moreover, FUMIC's intervention motion invoked the court's jurisdiction by initiating a special proceeding. Post-judgment intervention may be allowed when an attempted intervener moves "'promptly after learning of the entry of judgment, within the time for appeal.'" *Energy Transfer LP v. N.D. Private Investigative & Sec. Bd.*, 2022 ND 85, ¶ 17, 973 N.W.2d 394 (quoting *Quick v. Fischer*, 417 N.W.2d 843, 845 (N.D. 1988)); *see also Brigham Oil & Gas, L.P. v. Lario Oil & Gas Co.*, 2011 ND 154, ¶ 40, 801 N.W.2d 677 (stating a "post-judgment motion to intervene is not too late"). The district court erred when it held it lacked jurisdiction to consider FUMIC's motion to intervene.

IV

[¶9] FUMIC and Kath raise various issues concerning the correctness of the district court's decision to grant Rule 60(b) relief and the merits of FUMIC's motion to intervene. The district court did not address these issues because it determined it lacked jurisdiction to do so. Issues not decided by the district court are generally not ripe for resolution on appeal. *Estate of Peterson*, 1997 ND 48, ¶ 34, 561 N.W.2d 618. The purpose of an appeal is to review the actions

4

of the district court. *Mead v. Hatzenbeller*, 2023 ND 248, ¶ 21, 999 N.W.2d 618. Resolution of issues by the district court before appellate review "'contributes valuable input to the process, and develops the record for effective review of the decision.'" *Albertson v. Albertson*, 2023 ND 225, ¶ 8, 998 N.W.2d 811 (quoting *Schrodt v. Schrodt*, 2022 ND 64, ¶ 7, 971 N.W.2d 861). For these reasons, we decline to address the merits of FUMIC's intervention motion in the first instance or decide for the first time on appeal questions concerning the parties' Rule 60(b) motion.

## V

[¶10] FUMIC's petition for a writ of supervision is denied. The district court's order holding it lacked jurisdiction is reversed. The case is remanded for the court to decide FUMIC's motion to intervene and, if necessary, to conduct additional proceedings consistent with its disposition of the motion.

[¶11] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr