**Ricky L. REEMS and Linda Reems, on behalf of their daughter, Beth REEMS, Petitioners,**

**v.**

**Maurice R. HUNKE, Judge of the District Court, Southwest Judicial District, Stark County, Dennis E. Wolf, M.D., the Estate of Gregorio Sianghio, M.D., St. Joseph's Hospital and Health Center, and Rodgers & Gumper Clinic, P.C., Respondents.**

**Civ. No. 930129.**

Supreme Court of North Dakota.

Dec. 2, 1993.

William P. Zuger, Zuger Law Offices, Bismarck, for petitioners.

Lance D. Schreiner, Zuger Kirmis & Smith, Bismarck, for respondent Dennis E. Wolf, M.D., and Rodgers & Gumper Clinic, P.C.

Michael C. Waller, Mackoff, Kellogg, Kirby & Kloster, P.C., Dickinson, for respondent St. Joseph's Hosp. and Health Center.

SANDSTROM, Justice.

Ricky and Linda Reems, on behalf of their daughter, Beth Reems (collectively referred to as Beth), petitioned this court for a supervisory writ to vacate a district court order compelling them to produce documents from the files of their medical investigator. We conclude the documents consist of protected work product and expert opinions secured in anticipation of litigation for which the respondents have not made a sufficient showing of need, and we grant the petition for supervision.

Beth was born on January 1, 1983 at St. Joseph's Hospital in Dickinson. She was delivered by Dr. Dennis E. Wolf. Beth subsequently developed symptoms of a serious brain injury, and in January 1992 she filed a lawsuit against Dr. Wolf, St. Joseph's Hospital, and other medical care providers, alleging that the defendants' negligence surrounding Beth's birth and subsequent care caused her injury.

Before bringing the lawsuit, Beth hired an investigator, Craig J. Palmer, operating as Medicolegal Consultants, Ltd., to determine the cause of her injury. After Beth sued, the defendants requested her to produce all 71 documents from Palmer's file on the case. She refused, and the defendants secured an

order from the district court directing her to produce all documents from the file. Beth then filed a petition for supervisory writ asking this court to vacate the discovery order. We remanded the case to the district court for an in camera inspection of Palmer's file. Following in camera inspection, the district court revised its order and directed Beth to produce only 11 specified documents from Palmer's file. Beth then renewed her motion for a supervisory writ, asking us to vacate the district court's revised order.

We first determine whether this is an appropriate case to exercise our supervisory jurisdiction. Our authority to issue a supervisory writ is derived from Article VI, § 2 of the North Dakota Constitution. *City of Fargo v. Dawson,* 466 N.W.2d 584 (N.D. 1991). The authority is discretionary; we will invoke it only to rectify errors and prevent injustice when no adequate alternative remedies exist. *Odden v. O'Keefe,* 450 N.W.2d 707 (N.D.1990).

The district court order compelling disclosure of documents in Palmer's file is not appealable, and the petitioners have no recourse but to produce the documents or be held in contempt. *See Polum v. North Dakota District Court,* 450 N.W.2d 761 (N.D. 1990); *Heartview Foundation v. Glaser,* 361 N.W.2d 232 (N.D.1985). Under these circumstances, Beth has no viable alternative remedy to a supervisory writ. We, therefore, conclude this case is appropriate for exercise of our supervisory jurisdiction.

Nine of the 11 documents Beth was ordered to produce from Palmer's file are of correspondence between Palmer and Beth's parents, other medical experts, and attorneys. One document is a doctor's billing statement and another has attached a report by an ophthalmologist who examined Beth in 1986.[1] These documents involve Palmer's work product and opinions of experts not designated to be witnesses at the trial. Discovery of this information is governed by Rule 26(b), N.D.R.Civ.P.:

"RULE 26. GENERAL PROVISIONS GOVERNING DISCOVERY

*"(b)* . . .

"(3) *Trial Preparation—Materials.* Subject to the provisions of subdivision (b)(4), a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of those materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

* * * * * *

"(4) *Trial Preparation—Experts.*

* * * * * *

"(B) A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means."

The documents in Palmer's file show Beth retained Palmer in anticipation of litigation. The district court, in a July 2, 1993 letter memorandum, explained Palmer's role:

"I have been somewhat handicapped by being unable to determine precisely the legal status of Craig J. Palmer in his relationship with Beth Reems or either of her

1. This November 7, 1986 report appears to have been prepared from an examination requested by a treating physician. As such, it should already be in the defendants' possession. If not, and if prepared from such an examination, it is otherwise discoverable.

parents. He clearly is not an attorney licensed to practice law nor is he a licensed or certified medical practitioner. He does not seem to be serving in the position of an 'expert witness' in this case.... [H]e reveals many of the attributes of a 'broker' attempting to find a lawyer to represent the Reems family and searching for medical experts who would be supportive of claims of negligence on the part of certain prospective defendants."

Whatever Palmer's specific label, he most certainly was hired by Beth as a representative of her interests in anticipation of litigation. Thus, discovery of the documents in Palmer's file is limited under Rule 26(b)(3), N.D.R.Civ.P., because the documents contain Palmer's work product—his mental impressions and conclusions about the case. To discover work product under this rule, one must present facts, not merely argument, showing a substantial need for the materials and inability, without undue hardship, to obtain the substantial equivalent by other means. *Burlington Northern, Inc. v. District Court,* 264 N.W.2d 453 (N.D.1978). The rule makes no distinction between the materials prepared by an attorney and those prepared by any other person secured by a party in anticipation of litigation. *Virginia Electric & Power Co. v. Sun Shipbuilding & Dry Dock Co.,* 68 F.R.D. 397, 410 (E.D.Va. 1975); *see also* 4 Moore's Federal Practice ¶ 26.64(2) (1993).

The documents in Palmer's file also contain opinions of medical experts sought by Beth in anticipation of litigation. None of these experts have been designated to testify at the trial. Thus, Rule 26(b)(4), N.D.R.Civ. P., whose purpose we discussed in *Polum v. North Dakota District Court,* 450 N.W.2d 761, 765 (N.D.1990), conditionally protects their opinions from discovery:

"[T]he structure of rule 26 was largely developed around the doctrine of unfairness—designed to prevent a party from building his own case by means of his opponent's financial resources, superior diligence and more aggressive preparation."

To discover expert opinions protected by this rule, a party must show exceptional circumstances making it impractical to obtain facts or opinions on the same subject by other means.

In ordering Beth to produce the documents, the district court concluded the defendants had made a showing of substantial need and undue hardship under Rule 26(b)(3), N.D.R.Civ.P., to obtain Palmer's work product, and had also demonstrated exceptional circumstances under Rule 26(b)(4), N.D.R.Civ.P., entitling them to the expert medical opinions in the documents. The court reasoned the extensive passage of time together with the rapid advances in medical technology made it impractical for the defendants to get similar information now, more than 10 years after the alleged negligence surrounding Beth's birth.

The trial court has wide discretion in deciding whether to grant or deny discovery requests. *Guskjolen v. Guskjolen,* 391 N.W.2d 639 (N.D.1986). We use an abuse of discretion standard in reviewing the trial court's discovery rulings. *Gerhardt v. D.L.K.,* 327 N.W.2d 113 (N.D.1982). However, the defendants have failed to demonstrate either a substantial need for these documents or exceptional circumstances making it impractical for them to obtain similar information and opinions by other means. Therefore, we conclude the trial court abused its discretion in ordering disclosure of the documents from Palmer's file.

Rule 26(b)(4), N.D.R.Civ.P., is self-defining; it describes "exceptional circumstances" as those instances when "it is impracticable" to get "facts or opinions on the same subject by other means." In *Delcastor, Inc. v. Vail Associates, Inc.,* 108 F.R.D. 405 (D.Colo. 1985), the court found exceptional circumstances, justifying discovery of a non-testifying expert's opinion, because only that expert had examined a mudslide area before the terrain was substantially changed by unseasonably warm temperatures and by human activity in the area. No similar circumstances have been shown by the defendants in this case. They have not demonstrated it would be impractical to get other expert opinions about Beth's injury.

The defendants have access to all existing medical records, including the reports of the

doctors who have either treated or examined Beth. They also have access to medical literature regarding the practice of obstetrics and pediatric care—past and present. The medical expert opinions in the documents the court ordered disclosed, with one exception, were not those of examining or treating physicians. The medical experts contacted by Beth merely offered opinions of the case after reviewing the medical records. The defendants can secure their own medical experts to review the same medical records.

In *Polum v. North Dakota District Court*, 450 N.W.2d 761, 766 (N.D.1990), we concluded Rule 26(b)(4), N.D.R.Civ.P., precluded discovery under similar circumstances:

> "[The defendant] has failed to direct our attention to any evidence in the record to support his assertion that exceptional circumstances are present in this case. There is no suggestion that [the plaintiff's] expert is the only expert qualified to give an opinion on this subject matter, or that he possesses extraordinary qualifications rendering his opinion more valuable than any other expert's opinion. [The defendant] obviously can obtain another medical expert to render an opinion on the same subject. Under these circumstances, Rule 26(b)(4)(B) precludes discovery."

The defendants assert discovery of Palmer's file should be allowed because the plaintiffs have accused Dr. Wolf of misrepresenting to Linda Reems the cause of Beth's brain injury. The defendants argue Linda may have made statements to Palmer or the medical experts contacted by Palmer that would show Dr. Wolf did not make misrepresentations to Linda. During appellate arguments Beth's attorney said the plaintiffs will not assert claims against Dr. Wolf for making misrepresentations or committing deceit. Furthermore, none of the 11 documents ordered produced by the district court contain information helpful to the defendants regarding this issue.

The defendants have not demonstrated substantial need or undue hardship to obtain Palmer's work product under Rule 26(b)(3), N.D.R.Civ.P.; nor have they demonstrated exceptional circumstances under Rule 26(b)(4), N.D.R.Civ.P., justifying discovery of the expert opinions contained in Palmer's file. We conclude the trial court abused its discretion in ordering disclosure of documents from Palmer's file. Therefore, we grant the petition for supervision and direct the district court to vacate its order. Costs are awarded to Beth.

VANDE WALLE, C.J., and NEUMANN, MESCHKE and LEVINE, JJ., concur.