2014 ND 175

**WESTERN HORIZONS LIVING CENTERS, Petitioner**

v.

**The Honorable Cynthia M. FELAND, Judge of the District Court, South Central Judicial District, and Dakota Travel Nurse, Inc., Respondents.**

No. 20140184.

Supreme Court of North Dakota.

Sept. 2, 2014.

Brenda L. Blazer (argued) and Amanda E. Peterson (appeared), Bismarck, N.D., for petitioner.

Randall J. Bakke (argued) and Bradley N. Wiederholt (on brief), N.D., for respondent Dakota Travel Nurse, Inc.

VANDE WALLE, Chief Justice.

[¶ 1]  Western Horizons Living Centers petitioned this Court for a supervisory writ directing the district court to reverse an order compelling Western Horizons to answer discovery requests by Dakota Travel Nurse, Inc., for information involving a nursing home resident's prior lawsuit against Western Horizons. Western Horizons argues that its insurer's claims file in the prior lawsuit is protected by the lawyer-client privilege and that settlement negotiations and related documents from the prior lawsuit are not subject to discovery in this action. We conclude this is an appropriate case to exercise our supervisory jurisdiction. We direct the district court to vacate its order compelling discovery and we remand for further proceedings.

## I

[¶ 2]  Western Horizons sued Dakota Travel Nurse, a North Dakota corporation that contracts with healthcare facilities to provide licensed nursing staff, alleging Western Horizons and Dakota Travel Nurse entered a 2008 contract for Dakota Travel Nurse to provide licensed nursing staff for Western Horizons Care Center, a nursing home in Hettinger owned and operated by Western Horizons. Western Horizons claimed the parties' contract re-

quired Dakota Travel Nurse to "indemnify, hold harmless and defend Western Horizons against any and all claims, losses, demands, actions, administrative proceedings, liabilities and judgments, including reasonable attorneys fees, court[ ] costs and other expenses, arising from or associated with the action or inaction of [Dakota Travel Nurse] personnel." Western Horizons alleged Dakota Travel Nurse refused to defend or indemnify Western Horizons in a nursing home resident's prior lawsuit against Western Horizons for injuries allegedly arising from the actions or inactions of Dakota Travel Nurse personnel providing care to the resident at the time of his injury. Dakota Travel Nurse was not a party to the resident's prior lawsuit, and Dakota Travel Nurse refused Western Horizons' tender of a defense in that action. Western Horizons thereafter settled the resident's lawsuit and brought this action against Dakota Travel Nurse, seeking a monetary judgment equal to the amount paid to settle the resident's lawsuit, plus costs and reasonable attorney's fees incurred by Western Horizons in defense of that action.

[¶ 3] Dakota Travel Nurse denied liability and moved to compel Western Horizons to respond to discovery requests relating to the resident's lawsuit against Western Horizons. In proceedings before the district court, the parties disputed the relevant legal issues in this action and the scope of discovery. Dakota Travel Nurse claimed the parties' contractual agreement required Western Horizons to prove the action or inaction of Dakota Travel Nurse personnel caused the resident's injuries in the underlying lawsuit. Western Horizons claimed a causal analysis was not necessary:

> A plain reading of the contract language requires indemnification only if it is shown that the damages "arose from" or were "associated with" either the action or inaction of [Dakota Travel Nurse] personnel. The contract does not, as [Dakota Travel Nurse] would lead the Court to believe, require a causal analysis akin to that performed in a negligence action. The terms of the contract do not call for an allocation of fault or a determination of contributory negligence to determine whether [Dakota Travel Nurse] will be required to indemnify Western Horizons for its CNAs' actions. On the contrary, all that is required is a determination that the injuries sustained by the resident in the underlying action arose from *or* were associated with the action or inaction of [Dakota Travel Nurse] personnel.

[¶ 4] After a January 15, 2014 hearing, the district court ordered Western Horizons to answer all of Dakota Travel Nurse's discovery requests, finding Dakota Travel Nurse's motion to compel was meritorious. Western Horizons moved for reconsideration of the order compelling discovery, asking the court to reconsider the disclosure of six requests for documents relating to Western Horizons' insurance policies with its insurer, the insurer's complete claims file for the resident's lawsuit against Western Horizons, and all settlement demands, emails, letters, releases, agreements, and written documents relating to settlement of the resident's lawsuit. Western Horizons argued that the entire claims file included information subject to the lawyer-client privilege and was generated in anticipation of litigation and the settlement communications and documents were confidential and not subject to disclosure in this action. The court denied Western Horizons' request for reconsideration, ruling that Dakota Travel Nurse's discovery requests were reasonable and there was sufficient evidence in the record to support a determination the requests

were reasonably calculated to lead to the discovery of admissible evidence.

## II

[¶ 5] Dakota Travel Nurse argues Western Horizons' request for a supervisory writ is not ripe for review and should be dismissed because Western Horizons has a remedy by appeal after a final judgment and Western Horizons has not complied with the mandatory requirement of providing a "privilege log" under N.D.R.Civ.P. 26(b)(5)(A). Western Horizons responds it has no adequate remedy other than a supervisory writ to determine the important public interests involved with compelled disclosure of the privileged information requested in this case.

[¶ 6] This Court's authority to issue supervisory writs under N.D. Const. art. VI, § 2 and N.D.C.C. § 27–02–04 is a discretionary authority exercised on a case-by-case basis and cannot be invoked as a matter of right. *State ex rel. Roseland v. Herauf*, 2012 ND 151, ¶ 3, 819 N.W.2d 546. We exercise this discretionary authority rarely and cautiously to rectify errors and prevent injustice in extraordinary cases in which no adequate alternative remedy exists. *Id.* We generally will decline to exercise our supervisory jurisdiction if the proper remedy is an appeal. *Id.*

[¶ 7] The district court order compelling Western Horizons to answer Dakota Travel Nurse's discovery requests involves information Western Horizons claims is subject to the lawyer-client privilege under N.D.R.Ev. 502, or protected communications during settlement negotiations under N.D.R.Ev. 408. The order is not directly appealable and Western Horizons has no immediate recourse but to answer the requests or be held in contempt. *See Trinity Med. Ctr., Inc. v. Holum*, 544 N.W.2d 148, 152 (N.D.1996);

*Reems ex rel. Reems v. Hunke*, 509 N.W.2d 45, 47 (N.D.1993); *Jane H. v. Rothe*, 488 N.W.2d 879, 881 (N.D.1992); *Polum v. North Dakota Dist. Court*, 450 N.W.2d 761, 763 (N.D.1990); *Heartview Foundation v. Glaser*, 361 N.W.2d 232, 234 (N.D.1985); *Marmon v. Hodny*, 287 N.W.2d 470, 474 (N.D.1980); *Burlington N., Inc. v. North Dakota Dist. Court*, 264 N.W.2d 453, 455 (N.D.1978). The issues in Western Horizons' petition involve matters of significant public interest, and once the disclosures ordered by the district court are made, they cannot be "unmade." *See Burlington N., Inc.*, at 455.

[¶ 8] This record does not disclose the exact nature of the information sought to be protected in the insurer's entire claims file or the communications during the settlement negotiations. Rule 26(b)(5)(A), N.D.R.Civ.P., requires a party claiming privileged or protected information to expressly make the claim and to describe the nature of the information in a manner enabling the other parties to assess the claim. This Court has recognized that blanket claims of a privilege or protection are not favored, and a party claiming a privilege or protection should provide the requested information to the district court for a private, in chamber inspection, or at least provide a specific description of the types of information sought to be protected. *Holum*, 544 N.W.2d at 156 n. 3. The district court ostensibly decided Western Horizons' claims on the basis of relevancy and did not address a lack of specificity in Western Horizons' claims. In the context of this petition for a supervisory writ, we decline to hold Western Horizons' petition is not ripe for review. On its face, some of the information the court ordered disclosed may be subject to privilege or protection under the relevant rules. We conclude this is an appropriate case to exercise our supervisory jurisdic-

tion because the court's order compelling disclosure of the claimed privileged or protected information cannot be "unmade" and Western Horizons' remedy by later appeal from a judgment is not adequate.

### III

[¶ 9] Western Horizons argues this Court should issue a supervisory writ because the district court erred in determining the information sought by Dakota Travel Nurse is relevant to this action and in failing to recognize the information is privileged. Western Horizons specifically argues that its insurer's entire claims file is protected by the lawyer-client privilege and as information involving mental impressions, legal theories, and communications generated in anticipation of litigation and that all related documents and communications during settlement negotiations in the resident's prior litigation against Western Horizons are not subject to discovery.

[¶ 10] Dakota Travel Nurse responds: (1) the requested materials, including the settlement agreement in the prior action, attorney billing information in that action, and the insurer's entire claims file, are not privileged; (2) Western Horizons has waived any claimed privilege; and (3) Dakota Travel Nurse has demonstrated a substantial need for the requested documents, which overrides any claimed privilege. Western Horizons' reply brief to this Court states the actual settlement agreement and the attorney billing information were provided to Dakota Travel Nurse in April 2014, and Dakota Travel Nurse has not disputed that disclosure. We therefore do not address issues about the information that has been disclosed, and we consider Western Horizons' specific arguments about compelled disclosure of the insurer's entire claims file and all com-

munications, settlement demands and documents regarding settlement negotiations in the resident's prior lawsuit.

[¶ 11] We have recognized a district court has broad discretion regarding the scope of discovery, and its discovery decisions will not be reversed on appeal absent an abuse of discretion. *Lynch v. New Pub. Sch. Dist.*, 2012 ND 88, ¶ 23, 816 N.W.2d 53. A court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner, when its decision is not the product of a rational mental process leading to a reasoned decision, or when it misinterprets or misapplies the law. *Simpson v. Chicago Pneumatic Tool Co.*, 2003 ND 31, ¶ 10, 657 N.W.2d 261.

[¶ 12] Under N.D.R.Civ.P. 26(b)(1)(A), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and "[f]or good cause, the court may order the discovery of any matter relevant to the subject matter involved in the action." Furthermore, "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

[¶ 13] Rule 26(b)(3)(A), N.D.R.Civ.P., generally precludes a party from discovering documents and tangible things prepared in anticipation of litigation by or for another party or its representative. But subject to claims for privilege or protection of trial preparation material under N.D.R.Civ.P. 26(b)(5), those materials may be discoverable in some circumstances. N.D.R.Civ.P. 26(b)(3)(A). Any discovery ordered under N.D.R.Civ.P. 26(b)(3) must protect against disclosure of mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation. N.D.R.Civ.P. 26(b)(3)(B). *See Marmon,*

287 N.W.2d at 478; *Burlington N., Inc.,* 264 N.W.2d at 458.

[¶ 14] Rule 26(b)(5), N.D.R.Civ.P., describes the procedure for claiming a privilege or protecting trial preparation materials, which requires the withholding party to expressly make the claim and, without revealing the information, describe the nature of information not produced in a manner that will enable other parties to assess the claim. The discovery rules contemplate submitting information to the court under seal and issuance of protective orders. *See* N.D.R.Civ.P. 26(b)(5)(B); N.D.R.Civ.P. 26(c); and N.D.R.Civ.P. 37(a)(5). This Court has recognized that blanket claims of a privilege are not favored, and a party claiming a privilege should provide the requested information to the district court for a private, in chamber inspection, or at least provide a specific description of the types of information sought. *Holum,* 544 N.W.2d at 156 n. 3.

[¶ 15] Western Horizons' arguments in this case involve claims about the lawyer-client privilege and communications during settlement negotiations. Under the lawyer-client privilege in N.D.R.Ev. 502(b), a "client has a privilege to refuse to disclose and to prevent any other person from disclosing a confidential communication made for the purpose of facilitating the rendition of professional legal services to the client." The purpose of the lawyer-client privilege is to provide clients the freedom to discuss personal matters with their lawyer and to encourage clients or their representatives to freely communicate with their lawyer or their lawyer's representative without fear of disclosure. *Knoff v. American Crystal Sugar Co.,* 380 N.W.2d 313, 319–20 (N.D.1986). This Court has recognized the lawyer-client privilege applies to protect confidential communications between clients or their representatives and their lawyer or their lawyer's representatives, but does not necessarily preclude discovery of underlying facts. *Id.* at 319–21.

[¶ 16] Under N.D.R.Ev. 408, conduct or communications during compromise negotiations generally are not admissible into evidence to prove the amount or validity of a disputed claim. Because litigation is considered injurious to society, compromises which eliminate litigation are favored, and this Court has expressed approval of compromise and settlement agreements between parties. *Hastings Pork v. Johanneson,* 335 N.W.2d 802, 805 (N.D.1983). Rule 408, N.D.R.Ev., furthers the policy favoring settlements by protecting open and frank discussions during settlement negotiations. *Schlossman & Gunkelman, Inc. v. Tallman,* 1999 ND 89, ¶ 24, 593 N.W.2d 374; N.D.R.Ev. 408, explanatory note. A strong public interest favors secrecy of matters discussed by the parties or their representatives during settlement negotiations, which is embodied in N.D.R.Ev. 408 and generally governs admissibility into evidence at trial. However, we also conclude protecting compromise negotiations during discovery is consistent with this Court's stated policy favoring compromise and settlement agreements and the evidentiary policy in N.D.R.Ev. 408 protecting open and frank communications during settlement negotiations. *See Tallman,* at ¶ 24.

[¶ 17] The district court's decision compelling Western Horizons to comply with Dakota Travel Nurse's discovery requests provides a blanket authorization for disclosure of the insurer's entire claims file and all communications during settlement negotiations in the resident's prior lawsuit against Western Horizons. This record does not clearly reflect the scope of the information required to be disclosed. However, the nature of Western Horizons' claims and the scope of Dakota Travel

Nurse's broad requests indicate the information, on its face, may include confidential and privileged communications. The court's explanation for compelling disclosure states Dakota Travel Nurse's requests were reasonable and there was sufficient evidence to show the requests were reasonably calculated to lead to the discovery of admissible evidence. However, the court did not specifically analyze any of Western Horizons' claims under N.D.R.Civ.P. 26(b)(3) or (5) to assess the possible impact of the lawyer-client privilege or the effect of communications during compromise negotiations.

[¶ 18] The parties dispute the underlying legal issues involved in this lawsuit, but we do not resolve that dispute or construe the terms of the parties' contract in the context of this petition for a supervisory writ. Regardless of the scope of the legal issues in this action and whether the requested information may have some probative value in this lawsuit, the scope of discovery in N.D.R.Civ.P. 26(b)(1) also requires consideration of whether any of the requested information is "nonprivileged." We have recognized the resolution of discovery issues sometimes requires a private, in chamber review of the information to determine whether the information is privileged or protected. *See Holum,* 544 N.W.2d at 156 n. 3; *Reems,* 509 N.W.2d at 47; *Jane H.,* 488 N.W.2d at 883. The documents compelled to be disclosed in this case are not part of the record, and the district court has not conducted a private, in chamber review of these documents. The record in this case is inadequate to permit any meaningful review of the court's order compelling disclosure. *See Holum,* 544 N.W.2d at 156 n. 3; *Burlington N.,* 264 N.W.2d at 456–58.

[¶ 19] Although Dakota Travel Nurse claims Western Horizons has waived any claimed privilege or other protection by pursuing this action and Dakota Travel

Nurse has demonstrated a substantial need for the information, the district court did not address those issues and we do not address them in the context of this petition for a supervisory writ. Rather, we conclude the court's order compelling discovery is too broad and the court must examine the specific information requested for a determination of whether any of the requested information is protected by the lawyer-client privilege or constitutes protected communications during settlement negotiations. The court may require Western Horizons to specify in more detail the information in the documents sought to be protected. The court may also take steps to prevent disclosure of mental impressions, conclusions or legal theories of attorneys or their representatives. *See* N.D.R.Civ.P. 26(b)(3)(B); *Marmon,* 287 N.W.2d at 478; *Burlington N., Inc.,* 264 N.W.2d at 458. We conclude the court misapplied the law in not conducting a specific examination of the requested information in view of the claims raised by Western Horizons. We therefore conclude the court abused its discretion in compelling discovery.

### IV

[¶ 20] We issue a supervisory writ vacating the district court's order compelling discovery and direct the court to conduct further proceedings regarding the requested information and Western Horizons' claims.

[¶ 21] DALE V. SANDSTROM, DANIEL J. CROTHERS, LISA FAIR McEVERS, JJ., and RONALD E. GOODMAN, S.J., concur.

[¶ 22] The Honorable Ronald E. Goodman, S.J., sitting in place of Kapsner, J., disqualified.