# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 191

Troubadour Oil and Gas, LLC,                                    Petitioner

v.

The Honorable Joshua B. Rustad, Judge of the District
Court, Northwest Judicial District, Williams County and
Northern Oil and Gas, Inc.,                                     Respondents

## No. 20220196

Petition for Supervisory Writ.

PETITION FOR SUPERVISORY WRIT GRANTED.

Opinion of the Court by Crothers, Justice.

Lisa M. Hettich, Williston, ND, for petitioner.

Nick A. Swartzendruber, Denver, CO, for respondent Northern Oil and Gas, Inc.

# Troubadour Oil & Gas v. Rustad, et al.
## No. 20220196

**Crothers, Justice.**

[¶1]   Troubadour Oil and Gas, LLC, petitions this Court for a supervisory writ after the district court issued a discovery order requiring Troubadour to disclose all communications between Troubadour's counsel and Troubadour's owner who also is identified as an expert witness. Troubadour argues the court erroneously required the disclosure of confidential communications protected by the attorney-client privilege and the work product doctrine. We grant the petition and direct the district court to vacate the portion of its March 10, 2022 discovery order requiring disclosure of all communications between Troubadour's counsel and Troubadour's owner because the court abused its discretion and misapplied the law by relying on federal rules and case law not applicable in this state court proceeding. We also vacate the court's award of attorney's fees and remand for reconsideration.

I

[¶2]   In June 2020, Northern Oil and Gas, Inc. sued Troubadour for breach of contract, alleging the parties agreed via email to the purchase and sale of an oil and gas lease. Troubadour denied the allegations.

[¶3]   The parties stipulated to a scheduling order agreeing Northern Oil would disclose any expert witnesses by February 26, 2021, and Troubadour would disclose any experts by March 26, 2021. Troubadour designated Keria Robertson, its president and sole member, as its expert witness. Troubadour's discovery disclosure stated Robertson "may testify as both a fact witness and expert witness at the trial."

[¶4]   During discovery, Northern Oil requested "all documents in Keria Robertson's expert file," including "all communications with Troubadour's legal counsel." Troubadour objected, claiming the request was overbroad and sought privileged information protected as attorney-client privileged communications and attorney work product. After a hearing on Northern Oil's motion to compel,

1

the district court ordered Troubadour to disclose all communications between Troubadour's counsel and Robertson:

> "The Court is troubled by Troubadour's objections to this Request because, counsel for the parties had stipulated to the exchange of expert files. On the agreed date, Northern served its experts' files consistent with the parties' stipulation but Troubadour did not serve anything. Troubadour objected to Northern's formal Request in its May 3, 2021 Responses to Northern's Second Discovery and again produced nothing.

> "Northern's request for Ms. Robertson's expert file is relevant, as the parties have recognized in their stipulations. Further, this Request conforms to the widely recognized rule that permits discovery into 'the facts or data considered by the witness in forming' his or her opinions. Fed.R.Civ.P. 26(a)(2)(B)(ii); *Polum v. North Dakota Dist. Court, Southwest Judicial Dist.*, 450 N.W.2d 761, 763 (N.D. 1990). Troubadour is ordered to respond to this Request.

> "The Court denies Troubadour's attempts to assert attorney-client privilege and the work product doctrine. The cases speaking on non-retained experts hold that a party may not simultaneously designate a client's employee or principal as an expert witness, and also assert the attorney-client privilege and work product protections to shield communications with counsel. *See, e.g., U.S. v. Sierra Pac. Indus.*, 2011 U.S. Dist. LEXIS 60372 (E.D. Ca. May 26, 2011); *Davies v. United States EPA*, No. CV 17-115-H-BMM-JTJ, 2020 U.S. Dist. LEXIS 92611, at *5 (D. Mont. May 26, 2020); *Cooper v. Meritor, Inc.*, 2018 U.S. Dist. LEXIS 20103, 2018 WL 10467776, *5 (N.D. Miss. Feb. 7, 2018); *Garcia v. Patton*, Civil Action No. 14-cv-01568-RM-MJW, 2015 U.S. Dist. LEXIS 192861, at *9 (D. Colo. July 9, 2015); *PacifiCorp v. Northwest Pipeline GP*, 879 F. Supp. 2d 1171, 1211-1214 (D. Ore. July 16, 2012). Both Northern and this Court are entitled to review any and all communications between Troubadour's counsel and Ms. Robertson in order to understand potential influence on her opinions. Troubadour is ordered to produce the documents sought in Request for Production (Set 2) No. 2."

[¶5] The district court awarded Northern Oil its attorney's fees and costs incurred in connection with Troubadour's failure to comply with discovery. Troubadour claims it has timely complied with the district court's orders on discovery except for disclosure of "any and all communications between Troubadour's counsel and Ms. Robertson," which is the subject of this petition.

II

[¶6] Troubadour requests a supervisory writ. This Court's authority to issue supervisory writs derives from N.D. Const. art. VI, § 2. "The power to issue such a writ is discretionary and is used only to rectify errors and prevent injustice in extraordinary cases where no adequate alternative remedy exists." *St. Alexius Med. Ctr. v. Nesvig*, 2022 ND 65, ¶ 6, 971 N.W.2d 878. Troubadour argues a supervisory writ is appropriate and necessary because the district court's order to produce privileged communications is not appealable, leaving Troubadour with the untenable choice of disclosing privileged information or be held in contempt for failure to follow a court order. *See* N.D.R.Civ.P. 37(b). We agree and conclude this case is appropriate for exercising our supervisory jurisdiction.

III

[¶7] Troubadour asserts the communications compelled by the district court are privileged. Troubadour contends it did not waive the attorney-client privilege by disclosing Robertson as its expert witness. Troubadour also claims the communications between its attorney and Robertson are limited by the discovery provisions relating to work product and testifying experts.

[¶8] We review orders compelling discovery under the abuse of discretion standard. *PHI Fin. Servs., Inc. v. Johnston Law Office, P.C.*, 2016 ND 114, ¶ 9, 881 N.W.2d 216. A district court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner, when it misinterprets or misapplies the law or when its decision is not the product of a rational mental process leading to a reasoned decision. *Id.*

3

[¶9]   Rule 26(b)(1)(A), N.D.R.Civ.P., provides the general scope of discovery. Under N.D.R.Civ.P. 26(b)(1)(A), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, including the existence, description, nature, custody, condition, and location of any documents, electronically stored information, or other tangible things and the identity and location of persons who know of any discoverable matter."

[¶10] The attorney-client privilege is governed by N.D.R.Ev. 502. "A client has a privilege to refuse to disclose and to prevent any other person from disclosing a confidential communication made for the purpose of facilitating the rendition of professional legal services to the client." N.D.R.Ev. 502(b). A "representative of the client" is a person having authority to act on legal advice rendered for a client and is able to make or receive a confidential communication while acting in the scope of employment for the client. N.D.R.Ev. 502(a)(4). The general rule of privilege under N.D.R.Ev. 502(b) "is intended to encompass all communications necessarily made in the performance of legal services, not just those made between a client and his attorney." N.D.R.Ev. 502, Explanatory Note.

[¶11]  Under N.D.R.Ev. 510(a), a holder of the privilege may waive the privilege if the person "voluntarily discloses or consents to disclosure of any significant part of the privileged matter." Whether the attorney-client privilege is waived depends on the circumstances of each case. *Farm Credit Bank of St. Paul v. Huether*, 454 N.W.2d 710, 722-23 (N.D. 1990).

B

[¶12] Troubadour asserts that in addition to being privileged, the communications between its attorney and Robertson are limited by the work product discovery provisions in N.D.R.Civ.P. 26(b)(3)(A) and constraints on discovery from testifying experts under N.D.R.Civ.P. 26(b)(4)(A). The work product privilege in N.D.R.Civ.P. 26(b)(3)(A) provides:

"(3) Trial Preparation Materials.

(A) Documents and Tangible Objects. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(5), these materials may be discovered if:

(i) they are otherwise discoverable under Rule 26(b)(1); and

(ii) the party shows that it has substantial need of the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."

Rule 26(b)(4)(A), N.D.R.Civ.P., on discovery from testifying experts provides:

"(4) Trial Preparation Experts.

(A) Expert Who May Testify. Discovery of facts known and opinions held by experts, otherwise discoverable under Rule 26(b)(1) and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:

(i) a party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial; to state:

- the subject matter on which the expert is expected to testify;

- the substance of the facts and opinions to which the expert is expected to testify; and

- a summary of the grounds for each opinion;

(ii) a party may depose any person who has been identified as an expert witness whose opinions may be presented at trial unless the court finds, on motion, that the deposition is unnecessary, overly burdensome, or unfairly oppressive."

[¶13] In *Polum v. N.D. Dist. Ct., Stark Cty., S.W. Jud. Dist.*, 450 N.W.2d 761, 763 (N.D. 1990), this Court addressed discovery of expert information and the

5

work product doctrine under N.D.R.Civ.P. 26(b)(3). In looking at federal case law for guidance because at that time the North Dakota rule was similar to the federal rule, this Court concluded the work product doctrine does not apply to the discovery of expert information. *Id.* "[D]iscovery of expert information is governed by Rule 26(b)(4), not the work-product provisions of Rule 26(b)(3)." *Id.* (citing *Bogosian v. Gulf Oil Corp.*, 738 F.2d 587, 594 (3d Cir. 1984); *USM Corp. v. American Aerosols, Inc.*, 631 F.2d 420, 424 (6th Cir. 1980)).

[¶14] This state's discovery rules relating to the work product doctrine and discovery of expert information discussed in *Polum* have remained relatively unchanged. In general, our current rules on the work product doctrine and expert information were part of the 1970 amendments to Fed.R.Civ.P. 26. *Polum*, 450 N.W.2d at 763. Apart from allowing testifying experts to be deposed, the North Dakota Joint Procedure Committee has recommended against the wholesale adoption of the 1993 and 2010 amendments to Fed.R.Civ.P. 26 relating to expert disclosures and discovery of expert information. *See Minutes of Joint Procedure Committee* 21-22 (September 29-30, 1994); *Minutes of Joint Procedure Committee* 10-12 (January 26-27, 1995); *Minutes of Joint Procedure Committee* 10-14 (May 12-13, 2016); Fed.R.Civ.P. 26(a)(2); Fed.R.Civ.P. 26(b)(4)(B) and (C).

[¶15] Some federal courts construed the expert disclosure requirements in the 1993 amendments to Fed.R.Civ.P. 26 as "[authorizing] discovery of all communications between counsel and expert witnesses and all draft reports." Fed.R.Civ.P. 26, Advisory Committee Notes to 2010 Amendments. The 2010 amendments addressed that issue by "[providing] work-product protection against discovery regarding draft expert disclosures or reports and—with three specific exceptions—communications between expert witnesses and counsel." *Id.*

[¶16] Robertson serves dual roles in this action. First, she is a representative of the client, Troubadour, under N.D.R.Ev. 502(a)(4). As the client representative, Robertson is capable of asserting the attorney-client privilege, can send and receive confidential communications from Troubadour's attorney, and can receive work product from counsel. Communications from

Troubadour's attorney to Robertson as Troubadour's representative that include the attorney's "mental impressions, conclusions, opinions, or legal theories . . . concerning the litigation" are protected work product under N.D.R.Civ.P. 26(b)(3)(B). Unless waived, the attorney-client privilege and work product doctrine apply to Troubadour's attorney and Robertson as Troubadour's representative.

[¶17] Second, Robertson was disclosed as a testifying expert under N.D.R.Civ.P. 26(b)(4)(A). To discover information from Robertson in her role as an expert witness, Northern Oil must comply with N.D.R.Civ.P. 26(b)(4) because the work product provisions of N.D.R.Civ.P. 26(b)(3) do not apply to the discovery of expert information. *Polum*, 450 N.W.2d at 763. Under N.D.R.Civ.P. 26(b)(4)(A), "[d]iscovery of facts known and opinions held by experts . . . may be obtained only" through interrogatories and depositions.

[¶18] Rule 26 provides three areas of discoverable information from an expert: (1) the subject matter of the expert's testimony; (2) the substance of the facts and opinions on which the expert is expected to testify; and (3) a summary of the grounds for each opinion. N.D.R.Civ.P. 26(b)(4)(A)(i). However, Rule 26 does not address what is discoverable within those three areas. Therefore, all of an expert's information related to the three areas of N.D.R.Civ.P. 26(b)(4)(A)(i) is discoverable through interrogatories and depositions if otherwise within the scope of permissible discovery. In addition, because the work product provisions of N.D.R.Civ.P. 26(b)(3) do not apply to an expert, information related to N.D.R.Civ.P. 26(b)(4)(A)(i) is discoverable if provided to an expert by a party's attorney and not another source. *See Knoff v. American Crystal Sugar Co.,* 380 N.W.2d 313, 320 (N.D. 1986) (overruled on other grounds) ("The attorney-client privilege should be applied only to protect communications, not facts. Experts' reports are communications which may fall within the scope of the privilege. But the experts' observations and conclusions themselves, whether or not contained within a report, and even if based to some extent on communications of the client, are facts which, if relevant, constitute evidence.") (quoting Friedenthal, *Discovery and Use of an Adverse Party's Expert Information,* 14 Stan.L.Rev. 455, 468-469 (1962)).

[¶19] Northern Oil has not directed us to any North Dakota rule stating Troubadour waived the attorney-client privilege or the work product doctrine by simply disclosing Robertson as its expert witness. Nor has Northern Oil pointed to any facts in the record, aside from Troubadour's expert disclosure, demonstrating the work product and attorney-client privileges were waived. Robertson is Troubadour's client representative, and we do not agree Troubadour made a per se waiver of any privileges by also disclosing her as its testifying expert.

[¶20] In its order denying Troubadour's assertion of privilege and requiring disclosure of all communications between Troubadour's attorney and Robertson, the district court did not analyze N.D.R.Civ.P. 26 or N.D.R.Ev. 502 and 510. Instead, the court relied on the current version of Fed.R.Civ.P. 26(a)(2)(B) and federal district court decisions. However, the version of the federal rule relied on by the district court has not been adopted in North Dakota. Rather, the federal rule cited and quoted by the court, Fed.R.Civ.P. 26(a)(2)(B), requires that experts submit a written report. The federal court cases discuss the 2010 amendments to Fed.R.Civ.P. 26, which also have not been adopted in this state. *See Davies v. United States EPA*, 2020 WL 2736576 (D. Mont. 2020); *Cooper v. Meritor, Inc.*, 2018 WL 10467776, *5 (N.D. Miss. 2018); *Garcia v. Patton*, 2015 WL 13613521, *3 (D. Colo. 2015); *PacifiCorp v. Northwest Pipeline GP*, 879 F. Supp. 2d 1171, 1212-13 (D. Ore. 2012); *U.S. v. Sierra Pac. Indus.*, 2011 WL 2119078 (E.D. Cal. 2011). The court's reliance on Fed.R.Civ.P. 26(a)(2)(B) and federal cases construing discovery provisions not adopted in this state is a misapplication of law and an abuse of discretion. We therefore reverse that part of the district court's March 10, 2022 discovery order requiring Troubadour to disclose "all communications between Troubadour's counsel and Ms. Robertson."

[¶21] The district court's order compelling discovery mentions what the district court described as the parties' stipulation to exchange expert files. Other than a stipulation for entry of a Rule 16 scheduling order containing the dates on which the parties would disclose experts, a stipulation to exchange expert files is not in the record. Neither the court's order nor the parties' briefs discussed or defined "expert file" and we therefore have no basis for concluding the

8

parties agreed to deviate from provisions of the North Dakota rules of evidence and the rules of civil procedure.

[¶22] Troubadour also requests this Court vacate the district court's award of attorney's fees to Northern Oil. We vacate the attorney's fees award and remand for reconsideration of the amount because the order compelling discovery encompassed more than the communications between Troubadour's counsel and Robertson.

IV

[¶23] We grant Troubadour's petition and vacate that portion of the district court's March 10, 2022 discovery order requiring disclosure of all communications between Troubadour's counsel and Robertson. We also vacate the court's award of attorney's fees and remand for reconsideration.

[¶24] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte