# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2025 ND 142

Anne Carlsen Center,                                                      Petitioner

      v.

The Honorable Troy J. LeFevre, Judge
of the District Court, Southeast
Judicial District; and A.K.-W., a minor,
by and on behalf of Lisa Wibstad, as
natural guardian,                                                        Respondents

### No. 20250168

Petition for Supervisory Writ.

SUPERVISORY WRIT GRANTED.

Opinion of the Court by Tufte, Justice, in which Chief Justice Jensen, and Justices McEvers and Bahr joined. Justice Crothers filed an opinion concurring in the result.

Angela E. Lord (argued) and Jeffrey P. Sprout (appeared), Fargo, North Dakota, for petitioner.

Jennifer E. Olson (argued) and Richard A. Ruohonen (appeared), Minneapolis, Minnesota, and Steven T. Ottmar (on brief), Jamestown, North Dakota, for respondents A.K.-W. and Lisa Wibstad.

**Tufte, Justice.**

[¶1]   The Anne Carlsen Center (ACC) petitions this Court for a supervisory writ after the district court granted plaintiff A.K.-W.'s motion to compel discovery of documents that ACC claims are not subject to disclosure. Alternatively, if the Court concludes the documents are subject to disclosure, ACC requests that we direct the district court to allow ACC to redact privileged and protected portions of the otherwise discoverable documents. We conclude that this is an appropriate case in which to exercise our supervisory jurisdiction, and we direct the district court to vacate its April 22, 2025 order and enter an order in accordance with this opinion.

I

A

[¶2]   The underlying lawsuit ensued from an ACC employee's alleged sexual assault of plaintiff A.K.-W., an autistic child who received behavioral health and respite services with ACC.

[¶3]   ACC provides various services for developmentally disabled individuals at facilities throughout North Dakota. In November 2019, A.K.-W., then eight years old, attended an after-school program at ACC's Meidinger Square location, a satellite facility in Jamestown where ACC operates an early intervention program. Later that evening, Lisa Wibstab, A.K.-W.'s grandmother and adoptive parent, noticed that A.K.-W. "was agitated," which "was out of the ordinary for her." Ms. Wibstad also noted bruising to A.K.-W.'s thigh and a blood stain in her underwear. That night, Wibstad sought medical care for A.K.-W. and, after consulting with law enforcement, arranged for A.K.-W. to undergo a Sexual Assault Nurse Examination (SANE) the next morning. The SANE documented several injuries to A.K.-W.'s person, some of which the examiner found were "to a reasonable degree of medical certainty consistent with and indicative of trauma due to sexual contact." A.K.-W. was alleged to have received these injuries while in the care of ACC employee Michael Hunt-Walters.

[¶4]   ACC placed Hunt-Walters on administrative leave when it learned of the allegations against him and later, upon his arrest, terminated his employment. The State charged Hunt-Walters with gross sexual imposition in 2020, but the district court later dismissed the charge for lack of probable cause. In 2023, Wibstad filed suit against ACC on A.K.-W.'s behalf, asserting claims of general negligence, negligent management, negligent retention and training, and vicarious liability.

B

[¶5]   This petition for a supervisory writ arose from the parties' discovery dispute over documents that ACC claims are not subject to disclosure. In March 2024, A.K.-W. served ACC with interrogatories and requests for production. ACC's responses to A.K.-W.'s discovery requests contained numerous objections. In July, A.K.-W. informed ACC that some of its responses to her discovery requests were deficient. In October, ACC supplemented its discovery responses and provided a privilege log. After reviewing the privilege log, A.K.-W. communicated to ACC that "[t]here are numerous documents on the privilege log which are clearly discoverable."

[¶6]   The parties were unable to resolve their dispute, and, in January 2025, A.K.-W. filed a motion to compel discovery. ACC responded, arguing that the documents A.K.-W. sought are not subject to disclosure. After a hearing on the motion, the district court ordered an in-camera review of the disputed documents. On April 22, 2025, after conducting its in-camera review, the district court granted A.K.-W.'s motion to compel discovery, concluding that none of the asserted privileges and confidentiality protections apply and ordering the clerk to change the documents' designation from "sealed" to "confidential" upon the filing of the court's order. The district court granted ACC's subsequent motion for stay, and ACC filed the petition for supervisory writ currently before this Court.

II

[¶7]   ACC petitions this Court for a supervisory writ directing the district court to: (1) vacate its order granting A.K.-W.'s motion to compel; and (2) deem the

documents at issue not subject to disclosure. ACC argues this is an appropriate case for this Court to exercise its supervisory jurisdiction because the district court's order compelling disclosure of the disputed documents is contrary to law and creates an injustice for which ACC has no adequate alternative remedy. Specifically, ACC argues the district court abused its discretion in granting A.K.-W.'s motion to compel, because the disputed documents are protected from disclosure under N.D.C.C. § 50-25.1-11, lawyer-client privilege under N.D.R.Ev. 502, work-product privilege, N.D.C.C. ch. 23-34 peer review privilege, and federal privacy protections under the Health Insurance Portability and Accountability Act (HIPAA) for protected health information of nonparties. A.K.-W. responds that the district court properly granted her motion to compel and that she "has already agreed to redactions that make many of ACC's arguments irrelevant."

[¶8] This Court's authority to issue supervisory writs under N.D. Const. art. VI, § 2 "is a discretionary authority exercised on a case-by-case basis and cannot be invoked as a matter of right." *W. Horizons Living Ctrs. v. Feland*, 2014 ND 175, ¶ 6, 853 N.W.2d 36. We exercise our authority to issue supervisory writs "only to rectify errors and prevent injustice in extraordinary cases where no adequate alternative remedy exists." *Troubadour Oil & Gas, LLC v. Rustad*, 2022 ND 191, ¶ 6, 981 N.W.2d 918.

[¶9] We conclude that this is an appropriate case in which to exercise our supervisory jurisdiction because the district court erred in granting A.K.-W.'s motion to compel without explaining why the asserted privileges do not apply or expressly addressing any necessary or agreed-upon redactions. The order is not directly appealable, and ACC has no immediate recourse to avoid disclosure of the documents. *W. Horizons Living Ctrs.*, 2014 ND 175, ¶ 7.

[¶10] A.K.-W. argues that she had moved the district court to compel production of properly redacted documents, and thus the court's order granting her motion implicitly provides for redactions as appropriate to comply with statutory privileges or protections. We nonetheless conclude that the district court erred in ordering the clerk of court to change the disputed documents' designation from "sealed" to "confidential" upon the filing of the court's order without

3

providing for redactions agreed to by the parties to protect the privacy of nonparties. We further note that when, as here, a district court conducts an in-camera review to assess disputed assertions of privilege or protection, it may be appropriate for the court to review both unredacted copies of the documents as well as proposed redactions. Review of proposed redactions places the burden on the withholding party to identify which documents or parts of documents are protected from disclosure by each asserted basis. This, in turn, reduces uncertainty for the court and balances the interests of each party, ensuring that privileged and confidential information is properly redacted while mitigating concern that otherwise discoverable portions of the documents may be improperly excised by the withholding party. *See Williston Basin Interstate Pipeline Co. v. Factory Mut. Ins. Co.*, 270 F.R.D. 456, 458 (D.N.D. 2010) ("the court does not welcome the unilateral editing of documents produced in discovery, particularly when there is a protective order in place, given the suspicion and distrust that it generates, which, in turn, leads to unnecessary discovery disputes and burdensome *in camera* inspections").

[¶11] We also conclude that the district court's order lacks sufficient detail to allow for meaningful review by the parties or this Court. The district court's entire order is as follows:

> [¶1] Plaintiff filed a motion to compel discovery. In its reply, Defendant argued that it is prevented from disclosing several of the requested documents because they are privileged. A hearing on the motion was held on February 19, 2025 and the Court took the matter under advisement in order to conduct an "in camera" review of the disputed documents. After the hearing, the parties notified the Court that Plaintiffs are not seeking a review of documents 1, 16, and 19, as both parties agree that they are privileged.
>
> [¶2] Defendant asserts the following privileges: attorney-client, work product, N.D.C.C. § 50-25.1-11, N.D.C.C. [ch.] 23-34, and HIPAA/PHI. The attorney-client privilege only applies to confidential communications made to facilitate legal services. United States v. Horvath, 731 F.2d 557, 561 (8th Cir. 1984). The privilege does not apply to documents created in the regular and ordinary course of business. Simon v. G.D. Searle & Co., 816 F.2d

4

397, 401 (8th Cir. 1987) (citing 8 C. Wright & A. Miller, Federal Practice and Procedure § 2024). After reviewing the documents, the Court finds that the attorney-client privilege does not apply.

[¶3] Defendant next asserts that N.D.C.C. § 50-25.1-11 prohibits the disclosure of certain documents. This statute governs the reporting and disclosure of certain documents related to child abuse and neglect. Although the reports are generally confidential, an exception is made for any person that is the subject of the report. The exception applies in this case. The Court finds that the privilege does not apply.

[¶4] Defendant also asserts privileges per N.D.C.C. [ch.] 23-24 and HIPAA/PHI. The Court finds these documents to be ordinary business records or medical records that the Plaintiff has a right to review, and, therefore, the privileges do not apply.

[¶5] At oral argument on the motion, Defendant argued that there is limited case law in North Dakota to guide in the interpretation of the statutes at hand. The Court recognizes this concern. However, upon a review of the documents, the Court finds that the privileges asserted by the Defendant do not apply. The Defendant is ordered to produce the documents to the Plaintiff, with the exception of 1, 16, and 19.

[¶6] The disputed documents are currently sealed. Upon the filing of this Order, the Clerk of Court shall change the designation to "confidential."

[¶7] Each party shall be responsible for their own attorney fees.

[¶8] **IT IS SO ORDERED.**

[¶9] Dated this 22nd day of April, 2025.

[¶12] Before the district court issued its order, the parties submitted briefs containing citation to much of the same law presented to this Court, provided extensive argument about each document in ACC's privilege log, and debated each basis for ACC withholding discovery of the documents. The court conducted a hearing on the motion to compel and subsequently received all of the documents for in-camera review. After those extensive—and undoubtedly

expensive—proceedings, for all documents in each category the court found without any explanation "the privilege does not apply." The district court's order lacks sufficient specificity to allow meaningful review. *In re Est. of Nelson*, 2015 ND 122, ¶ 13, 863 N.W.2d 521 ("[A] district court must adequately explain the evidentiary and legal basis for its decision, allowing the parties and this Court to understand the decision.").

[¶13] We exercise our supervisory jurisdiction and direct the district court to: (1) vacate its April 22, 2025 order; and (2) enter an order in accordance with this opinion that addresses redactions and explains on a document-by-document, privilege-by-privilege basis why A.K.-W.'s motion to compel should or should not be granted. The district court retains broad discretion to seek further argument or other assistance from the parties. ACC, as the party withholding discovery, bears the burden to prove the asserted privileges and protections apply, and this burden presumes a level of specificity sufficient for other parties and the court to assess the claim. *W. Horizons Living Ctrs.*, 2014 ND 175, ¶ 14. When a party's legitimate assertions of privilege are obscured by other overbroad or underspecified claims of privilege, a district court order on a motion to compel may require more specific support for the claims, and the court should in its order specifically analyze the claims in sufficient detail to allow review of its decision. *See id.* ¶¶ 17–19.

[¶14] In our review of the disputed documents, we examined several pages of handwritten notes that are not readily legible to us, and thus we are unable to determine whether the documents on their face support the asserted privileges. At oral argument, ACC acknowledged that in this situation the district court has discretion to request in-camera submission of information in addition to the disputed documents. Under the North Dakota Rules of Court, there is a general requirement of readability for filings. *See* N.D.R.Ct. 3.1(a) ("Legibility. All pleadings and other documents must be typewritten, printed, reproduced, or in electronic form and easily readable."). Other courts that have assessed claims of privilege asserted for unintelligible documents have concluded that a party withholding discovery does not meet its burden if it does not provide the disputed document to the court in readable form. *See Astra Aktiebolag v. Andrx Pharms., Inc.*, 208 F.R.D. 92, 106 (S.D.N.Y. 2002) (concluding party withholding

discovery of a document written in Swedish "ha[d] not met its burden to sustain the [lawyer-client] privilege" for that document because it had not provided a translation and the court was thus "unable to determine whether the document contains any confidential communications"). By asserting several privileges as to the handwritten notes, ACC has represented to the court that it has sufficient understanding of the contents to justify its assertions. If the district court is unable to discern the content of a document, it may conclude the burden has not been satisfied, or it may require ACC to assist the court, including by providing a readable copy.

## III

[¶15] We exercise our supervisory jurisdiction and direct the district court to: (1) vacate its April 22, 2025 order; and (2) enter an order in accordance with this opinion that addresses redactions and explains on a document-by-document, privilege-by-privilege basis why A.K.-W.'s motion to compel should or should not be granted.

[¶16] Jon J. Jensen, C.J.
     Lisa Fair McEvers
     Jerod E. Tufte
     Douglas A. Bahr

**Crothers, Justice, concurring in the result.**

[¶17] I agree with most of what the Court has written but I do not join the majority opinion because I believe paragraph 14 is at best dicta, and at worst is a hint for the district court to reject the privilege claims on what the Court characterizes as (but the parties have not argued are) illegible documents. Without the parties making the argument about readability of a document, I do not think we escape the party presentation principle by the issue being discussed at oral argument, as paragraph 14 might be read to suggest. *See Roth v. Meyer*, 2025 ND 116, ¶ 22, --- N.W.3d --- (party presentation rule discussed); *Overbo v. Overbo*, 2024 ND 233, ¶ 8, 14 N.W.3d 898 (same); *Riemers v. City of Grand Forks*, 2006 ND 224, ¶ 9, 723 N.W.2d 518 ("[A] party waives an issue by not providing supporting argument and, without supportive reasoning or citations to relevant

authorities, an argument is without merit." (Internal quotation marks omitted.)); *State v. Noack*, 2007 ND 82, ¶ 8, 732 N.W.2d 389 (this Court "will not consider an argument that is not adequately articulated, supported, and briefed," or "engage in unassisted searches of the record for evidence to support a litigant's position").

[¶18] Daniel J. Crothers